## McKNIGHT et al. v. MUTUAL BROADCASTING SYSTEM, Inc. et al.

United States District Court
S. D. New York.
March 5, 1953.

Emil K. Ellis and Travis S. Levy, New York City, for plaintiff.

McGoldrick, Dannett, Horowitz & Golub, New York City, for defendants Mut. Broadcasting System and Herbert C. Rice.

DuBroff & DuBroff, New York City, for defendant Bobby Benson Enterprises, Inc.

KNOX, Chief Judge.

This action involves multiple defendants. Plaintiff's demand for a jury trial was made within ten days of one defendant's answer, but over ten days after the answers of the other two defendants.

Federal Rule 38, 28 U.S.C.A., requires that a jury demand be made "not later than 10 days after the service of the last pleading" directed to the issue on which the jury trial is sought. This is somewhat ambiguous in the situation of multiple defendants involving multiple answers filed at different times. Under this rule, the demand in this action was timely as to defendant Herbert C. Rice, and plaintiff has an absolute right to a jury trial against him. In addition, it seems clear that the demand was also timely as to the joint liability of all three defendants. It is only with respect to the several liability of defendants Mutual Broadcasting System, Inc. and Bobby Benson Enterprises, Inc. that the jury demand may be said to be late.

This appears to be a proper situation for the exercise of the discretion authorized in Federal Rule 39(b) which states:

"* * * notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

It might be argued that although Rule 39(b) allows such action, it is inequitable that the defendants in this case should be denied a non-jury trial in order to grant a delinquent plaintiff a jury trial to which he is no longer entitled of right. However, granting a jury trial would obviate the necessity for two separate trials. Under the present crowded calendar situation, the interest of the other litigants in this court and of the court itself may be considered to be paramount to that of the defendants herein. As Judge Leibell stated in another action in which a timely jury demand was made as to the counterclaims but not as to the causes of action pleaded in the complaint:

"Much of the evidence would be the same on each trial and it would result in a duplication of the work of the Court. It would also add to the expense of the litigation for both parties." Gunther v. H. W. Gossard, Co., D.C., 27 F.Supp. 995.

Therefore, the motions of defendants Mutual Broadcasting System, Inc. and Bobby Benson Enterprises, Inc. to strike the plaintiff's jury demand will be denied. Plaintiff's cross motion to excuse the delay in filing the jury demand is granted.