William SUTTON, Petitioner,

v.

CITY OF PHILADELPHIA, the COMMONWEALTH OF PENNSYLVANIA, its agents, servants and employees, Respondents.

No. 68 Civ. 1893.

United States District Court
S. D. New York.

June 28, 1968.

---

5. Ibid. § 130.

Katherine Bitses and Joan Harness, Astoria, N. Y., for petitioner.

Arlen Specter, Dist. Atty. of Philadelphia, Philadelphia, Pa., for respondent; by Joel S. Moldovsky, Philadelphia, Pa., of counsel.

## OPINION

POLLACK, District Judge.

This is a motion to enjoin enforcement of a warrant of arrest issued by out-of-state authorities on crimes committed in Pennsylvania. Petitioner is presently in custody in the Men's House of Detention in the Bronx, New York.

In 1934, the petitioner was convicted of bank robbery, in Philadelphia, Pennsylvania, and was sentenced to a term of from 25 to 50 years in prison. On February 10, 1947, while serving this sentence, he escaped from Holmesburg Prison in Philadelphia. On February 13, 1947, Warrant No. 19320 was issued in Philadelphia, authorizing the arrest of the petitioner on charges of prison breach, assault and battery and robbery.

In 1952, the petitioner was apprehended in New York and was convicted first in Kings County and later in Queens County of crimes unrelated to his 1947 difficulties in Pennsylvania. He was sentenced in each County to concurrent terms of from 30 years to life and was sent to Attica Prison.

Shortly after this sentencing, a 1947 indictment arising out of his escape from Holmesburg and Warrant No. 19320 were filed with the Commissioner of Correction of New York and the Warden of Attica Prison.

Petitioner, presently serving his 1952 New York sentences at the Men's House of Detention in the Bronx, New York, alleges that his parole is imminent and that proceedings to enforce the 1947 Pennsylvania warrant have been threatened by respondents, the Commonwealth of Pennsylvania and the City of Philadelphia. He seeks, by the present motion, to stay such enforcement until a Three Judge Court determines whether

such enforcement would violate his constitutional rights.

The respondents have moved to dismiss the petition on the grounds that this Court lacks personal jurisdiction; that venue in the Southern District of New York is improper; that the Court lacks subject matter jurisdiction; and that the petitioner's claim is barred by the 11th Amendment to the Constitution.

The respondents contend that process in this action has not been properly served upon them and that this Court lacks personal jurisdiction of the respondents.

Rule 4(f) of F.R.Civ.P. provides in part that:

"All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state."

■ No statute of the United States is applicable to extend service beyond the territorial limits of the State of New York. Rule 4(e) F.R.Civ.P. authorizes service of process beyond the territorial limits of the state in which the district court is held when a state statute or rule of Court of the state in which the federal court is held provides for service upon a party not an inhabitant of or found within the state. No statute or rule of Court of New York provides for service of process upon a foreign governmental body outside the state, or persons in the position of the individual "agents, servants and employees" of Philadelphia or Pennsylvania.

Accordingly, this Court lacks jurisdiction of the person of the respondents.

■ Federal jurisdiction is claimed to rest on the Civil Rights statutes, 28 U.S.C. § 1343 and 42 U.S.C. § 1983, rather than on diversity of citizenship.

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside or in which the claim arose, except as otherwise provided by law." (28 U.S.C. § 1391(b)).

No other venue statute is here applicable. The cause of action arose in Pennsylvania, and the defendants are found in that state. Venue in the Southern District of New York is therefore improper.

■ Neither the Commonwealth of Pennsylvania nor the City of Philadelphia is a "person" within the meaning of the Civil Rights statutes. Fisher v. City of New York, 312 F.2d 890 (2d Cir. 1963), cert. den. 374 U.S. 828, 83 S.Ct. 1866, 10 L.Ed.2d 1051.

■ The 11th Amendment to the Constitution precludes suits by citizens against States without the consent of the states. Hamilton Mfg. Co. v. Trustees of State Colleges in Colorado, 356 F.2d 599 (10th Cir. 1966), Hans v. State of Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Waiver of 11th Amendment immunity must be by clear and express language. Copper S.S. Co. v. State of Michigan, 194 F.2d 465 (6th Cir. 1952); Chicago, R.I. & P.R. Co. v. Long, 181 F.2d 295 (8th Cir. 1950). Consent by a state to be sued in its own courts is not a waiver of 11th Amendment immunity. Miller v. State of Vermont, 201 F.Supp. 930 (D.C.Vt. 1962). The Commonwealth of Pennsylvania has not waived its immunity to suit by the petitioner in the Southern District of New York.

Accordingly, the motion to dismiss the petition is granted in all respects and the petitioner's motion is denied.

So ordered.