Nancy **MANFREDONIA** and William Baird, Plaintiffs,

v.

John L. **BARRY**, Suffolk County Commissioner of Police, et al., Defendants.

Civ. A. No. 71 C 1229.

United States District Court,
E. D. New York.

Dec. 2, 1971.

---

Burt Neuborne, New York Civil Liberties Union, New York City, for plaintiffs.

Kevin J. Powers, Curtis, Hart & Zaklukiewicz, Merrick, N. Y., for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

In this action under 42 U.S.C. § 1983, plaintiffs sue for monetary damages and injunctive and declaratory relief, complaining of alleged violation of their civil rights under color of New York State's Penal Law, McKinney's Consol. Laws, c. 40. Their complaint alleges that defendants Hall and Bruns, police officers of Suffolk County, New York, arrested them on August 6, 1971 at a lecture in Huntington, Long Island, where plaintiff Baird was speaking on the subject of "Overpopulation, Birth Control and Contraceptive Devices" and plaintiff Mrs. Nancy Manfredonia was present in the audience with her 14-month old daughter. The defendant police officers were allegedly among several plainclothes members of the Suffolk County Police Department assigned to observe this lecture. After the arrests, it is alleged, both plaintiffs were taken to police headquarters and booked, and then confined overnight in a town jail. The next day, August 7th, they were arraigned in the Suffolk County district court and released pending trial after the police defendants refused to dismiss the charges.[1]  Prior to the date set for

---

1. Plaintiffs were charged in formal misdemeanor complaints with violating section 260.10 of the New York Penal Law, which provides:

"§ 260.10  Endangering the welfare of a child

"A person is guilty of endangering the welfare of a child when:

"1. He knowingly. acts in a manner likely to be injurious to the physical, mental or moral welfare of a male child less than sixteen years old or

trial, however, the charges against plaintiffs were dismissed in open court on motion of the defendant Aspland, District Attorney of Suffolk County.

These actions of the defendant police officers, it is claimed, were authorized and approved by the defendants Barry and Dennison, respectively Police Commissioner and County Executive of Suffolk County. Plaintiffs charge that the arrests and threatened prosecution constituted a bad faith misuse of law enforcement powers to punish plaintiffs for openly discussing birth control and contraception in Suffolk County and to intimidate others who might wish to assemble to discuss similar topics in the future, in violation of rights of free speech, association, assembly, and parent-child relationship protected by the First, Ninth and Fourteenth Amendments to the Constitution. In addition to requests for injunctive and declaratory relief, the complaint concludes with a demand for an award of compensatory and punitive damages to each plaintiff.

▇ Defendants, other than the District Attorney, have moved to dismiss the complaint under Rule 12(b) (1), (2) and (6), F.R.Civ.P., for lack of jurisdiction over the subject matter or person of the defendants, and for failure to state a claim for monetary damages. The sole ground urged is that defendants are not "persons" suable for monetary damages within the meaning of the civil rights statute, 42 U.S.C. § 1983. Defendants

point to the caption and allegations of the complaint describing their official capacities and responsibilities as clear indication that this action is aimed at governmental entities acting through their respective officials. Their argument is that neither state nor local government was intended by Congress to be brought within the ambit of 42 U.S.C. § 1983. Cited for that proposition are Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Harkless v. Sweeny Independent School District, 300 F.Supp. 794 (S.D.Tex.1969), rev'd on other grounds, 427 F.2d 319 (5 Cir. 1970), cert. denied 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439; Sutton v. City of Philadelphia, 286 F.Supp. 143, 145 (S. D.N.Y.1968); and a recent unreported decision of this Court in Cecil v. City of Long Beach, Civil Action No. 71 C 147 (May 25, 1971).

In Cecil v. City of Long Beach, *supra*, a motion similar to that made here was granted by a final judgment which directed dismissal of a complaint under 42 U.S.C. § 1983 as against the "City of Long Beach and the [other] defendants insofar as they are sued by their titles of office as municipal officers and employees" (Memorandum and Order, p. 3). But Judge Dooling also held that:

The action against the individuals as such must continue. There is no point in amending the pleading since the language about public office and official acts may supply a basis for

---

a female child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or health; or

"2. Being a parent, guardian or other person legally charged with the care or custody of a child less than eighteen years old, he fails or refuses to exercise reasonable diligence in the control of such child to prevent him from becoming an 'abused child,' a 'neglected child,' a 'juvenile delinquent' or a 'person in need of supervision,' as those terms are defined in articles ten and seven of the family court act.

"Endangering the welfare of a child is a class A misdemeanor.

"As amended L.1970, c. 389, eff. Sept. 1, 1970; L.1970, c. 962, § 14, eff. May 1, 1970."

Plaintiff Manfredonia was charged by defendant Hall with violating subdivision 2 of the foregoing penal statute for having taken her infant daughter "to a lecture concerning birth control devices at which lecture said devices were exhibited in there [sic] use." Plaintiff Baird was charged by defendant Bruns under subdivision 1 of the statute for having "exposed" plaintiff Manfredonia's infant "to a lecture concerning birth control devices and did exhibit said devices with instructions for their use."

introducing evidence that acts were done under color of law. *Id.*

The decision in the *Cecil* case clearly offers no support for the moving defendants' motion here, which seeks complete dismissal of the complaint as against them. Indeed, such a dismissal would directly contravene the Supreme Court's decision in Monroe v. Pape, *supra.* There, Mr. Justice Douglas, writing for eight members of the Court, ruled that although a municipal corporation was not a "person" within the meaning of 42 U.S.C. § 1983, police officers who made arrests while acting under color of their official capacities were such persons and it was reversible error to have dismissed a civil rights complaint against them.

Here there is no need for a partial granting of defendants' motion as in *Cecil, supra.* No claim is asserted by these plaintiffs against Suffolk County, or any other governmental entity. The action is brought solely against individual officials who, under color of their respective positions in the County, are alleged to have engaged in acts which plaintiffs claim were in violation of their civil rights. The description in the complaint of defendants' official positions does not transform the action into one against the County. Indeed, in order to establish that defendants were acting "under color of law", a recitation of their governmental status would seem to be essential.

Neither Harkless v. Sweeny Independent School District, *supra,* nor Sutton v. City of Philadelphia, *supra,* cited by defendants, hold or state anything inconsistent with this view. On the contrary, the United States Court of Appeals for the Fifth Circuit, in reversing the District Court whose opinion in *Harkless, supra,* defendants quote, recognized that:

> In numerous cases since Monroe v. Pape, the Supreme Court has permitted relief under § 1983 against state officials sued as such, without mention of that case.

427 F.2d at 323 (citations omitted).

■ Defendants' argument that they are not "persons" within the meaning of section 1983 is virtually indistinguishable from a claim of immunity ordinarily accorded sovereign acts. Such a claim was rejected by the Court of Appeals for this Circuit, sitting in banc, in Sostre v. McGinnis, 442 F.2d 178 (1971), petition for cert. filed, 40 U.S. L.W. 3170 (U.S., Aug. 18, 1971) (No. 71–246). There the court upheld a monetary damage award against a state prison official (Sostre v. Rockefeller, 312 F.Supp. 863 [S.D.N.Y.1970]), pointing out that "[s]ection 1983 authorizes recovery of compensatory, and, in an appropriate case, punitive damages against an individual for the unjustifiable violation of constitutional rights 'under color' of state law." 442 F.2d at 204. In so holding, the majority of the court had no doubt that

> [a]s state administrative officials, defendants are not entitled to the protective immunity from a judgment for damages that has been extended to judges, (citations omitted), and legislators (citations omitted).

442 F.2d at 205 n. 51.

Accordingly, the motion to dismiss the complaint as against the defendants Barry, Dennison, Hall and Bruns must be and is hereby denied.

■ The defendant George Aspland, District Attorney of Suffolk County, although not a moving defendant, is clearly entitled, as a quasi-judicial officer, to the immunity which is unavailable to the other defendants, since the complaint refers to no actions on his part which are not within his official responsibilities. Fanale v. Sheehy, 385 F.2d 866 (2 Cir. 1967); Bishop v. Golden, 302 F.Supp. 502 (E.D.N.Y.1969). Plaintiffs having acknowledged on the hearing of the motion that they have no claim against District Attorney Aspland under these circumstances, the complaint as against him is hereby dismissed.

It is so ordered.