Henry E. MOHR and Sandra Mohr,
Plaintiffs,

v.

RAYMOND INTERNATIONAL et al.,
Defendants.

No. 71 Civ. 1009.

United States District Court,
S. D. New York.

Jan. 20, 1972.

Paul C. Matthews, New York City, for plaintiffs.

J. Robert Morris, New York City, for defendants Raymond International, Inc. and Dravo Corporation; by John J. Bradbury, Jamaica Estates, N. Y., of counsel.

GURFEIN, District Judge.

This is an action at law under the Jones Act, 46 U.S.C. § 688, to recover damages for an injury suffered by a seaman who was a pile-driver on a rig in Chesapeake Bay. There are also claims for relief based on maintenance and cure, and loss of consortium by the seaman's wife. The defendants are two corporations, a New Jersey and a Pennsylvania corporation, which together with a third corporation, a Maryland corporation (named but not served as a defendant), had formed a joint venture to construct the Chesapeake Bay Bridge. The plaintiff was allegedly employed by the joint venture in Chesapeake Bay, Maryland. It has not been denied that the plaintiff was, and is, a citizen of Maryland. The served defendants have answered.

They now move, in the alternative, for an order dismissing the action for improper venue or for an order transferring the action to the United States District Court for the District of Maryland. The latter motion is said to be brought pursuant to Supplementary Rule E, Subdivision 9 of the Federal Rules of Civil Procedure, Rules 12(b) and 41(b) of those Rules and Title 28 U.S.Code, Section 1404(a).

■■ Since the defendants have entered a general appearance their objection to venue has been waived. Panama R.R. Co. v. Johnson, 264 U.S. 375, 44 S. Ct. 391, 68 L.Ed. 748 (1924). Since the action is at law, the provisions of 28 U.S.C. § 1404(a) with respect to transfer are applicable.[1] Transfer can be made only to a district "where it might have been brought." Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). It appears that service could have been effected against the defendants in Maryland, International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and that venue there would be proper, Pure Oil Co. v. Suarez, 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966); 28 U.S.C. § 1391(c).

■ There is a good deal of discussion in the briefs submitted as to whether the plaintiff is a "seaman" within the Jones Act, whether his "employer" was the joint venture rather than the defendant corporations, and whether the plaintiff waived his Jones Act rights by accepting workmen's compensation from the State of Maryland. None of these questions is before me for decision. The only question here is whether "for the convenience of parties and witnesses, in the interest of justice" the action should be transferred to the District of Maryland. I conclude that it should be.

■ Although the plaintiffs' choice of forum will not be disturbed unless the balance of convenience is strongly against it, Gulf Oil Co. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), I believe that the defendants have sustained that burden. Leaving aside the technical question of whether a pile-driver on a fixed pile-driver rig in a navigable water is a "seaman," it is undisputed that the accident occurred on a rig in Chesapeake Bay, Maryland, that the person injured was a resident of Maryland and that the sole area of operations of the joint venture was in Maryland, where it was building the bridge.

The plaintiff, after the accident, was taken to the Anne Arundel General Hospital, Annapolis, Maryland. He was transferred to the University of Maryland School of Medicine, Baltimore, Maryland, and then to the Montebello State of Maryland Rehabilitation Hospital. The doctors and the hospital records are all in Maryland. The pile-driving rig was constructed by the Tidewater Equipment Company of Norfolk, Virginia. The defendants state that its personnel, its blueprints, specifications and records will be required on the trial.

There were eight members of the shift on board the pile-driver rig at the time of the accident. Of these, seven live in Maryland. It appears, without contradiction, as noted, that the plaintiffs live in Baltimore.

There is only one possible witness, suggested as material by the plaintiffs, who lives in New York, an employee of Westinghouse International Company, who designed the equipment. That type of witness can easily be deposed if he refuses to appear.

In short, there is no connection of either the plaintiffs or the defendants with New York in this case, except for amenability to process.[2]

---

1. 28 U.S.C. § 1404(a) reads:
   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. I am not overlooking the possibility, although it has not been asserted, that the plaintiff may also have been examined by doctors in New York.

While one can cite cases either way on diverse fact situations involving transfer, the ultimate question is one of "the interest of justice."

A case much like this one was Ortiz v. Union Oil Co. of California, 102 F.Supp. 492 (S.D.N.Y.1952) where Judge Weinfeld granted a transfer under Section 1404(a). I follow his reasoning.

I may add that the plaintiffs will, in all likelihood, get an earlier trial in the District of Maryland,[3] and the counsel of their choice will undoubtedly be allowed to try the case there, pro hac vice.

The motion to transfer is granted.

---

3. According to the 1971 Annual Report of the Director of the Administrative Office of the United States Courts, at II–118, the median time interval from issue to trial in civil cases, in which trials were completed, in the Southern District of New York was 30 months in fiscal 1971. In the District of Maryland the median interval in fiscal 1971 was 12 months.