BARKDULL, Chief Judge.
In 1971 the petitioners were named as defendants in a five-count action instituted in the circuit court. No demand for jury trial was made in the original complaint; no demand for jury trial was contained in the original responsive pleadings.[1] The plaintiff then amended its complaint by adding Count 6, naming a new party-defendant. As to the original defendants, the issues remained the same. Thereafter, the original defendants sought to have the matter placed on the jury docket; the trial judge denied the request. This certiorari was presented, contending that the trial court departed from the essential requirements of law when it denied these original defendants a jury trial.
The application for certiorari should be denied because there has been no showing that the trial judge departed from the essential requirements of law. The original defendants, having elected to waive their right to a jury trial at the time of their initial responsive pleadings, are not entitled to request such upon an amendment to the complaint which merely added a new party but no new issues as to the original defendants.[2] Our Florida rule regarding jury trials was originally adopted in March of 1954; it was patterned after the Federal rules. Prior to the adoption of the Florida rule there had been two decisions of the Federal courts, which indicated that in a situation such as that presented by this record the original defendants would not be entitled to seek a jury trial after the expiration of the time provided for in the rules. See: Reeves v. Pennsylvania Railroad, D.Del.1949, 9 F.R.D. 487; Mack v. 48 Vesey Street Corp., S.D.N.Y.1947, 7 F.R.D. 487.

. Therefore, under Rule 1.430, Rules of Civil Procedure, 30 F.S.A., it was to proceed non-jury.

. As to the right of additional new party-defendant to request a jury trial, this is not before us.