377 F.Supp. 1157 (1974)
Elisha BURCH and Christine Burch, Plaintiffs,
v.
Mike CARMODY et al., Defendants.
No. 72 C 1400.
United States District Court, E. D. New York.
May 29, 1974.
Robert Shulman, Mineola, N. Y., for plaintiffs.
George W. Percy, Jr., County Attorney, Suffolk County, Riverhead, N. Y., by Stanley S. Corwin, Greenport, N. Y., for defendants other than Howard Lyons, Jr.

MEMORANDUM AND ORDER
NEAHER, District Judge.
In this action under 42 U.S.C. §§ 1983, 1985 and 1986, plaintiffs Elisha and Christine Burch sue for monetary damages, complaining of alleged violation of their civil rights under color of State law. The complaint alleges (1) that defendant Carmody, a Suffolk County police officer, signed and swore to an information and complaint which falsely and maliciously charged the plaintiffs with having committed the offense of assault in the second *1158 degree; (2) that defendant Carmody and other defendant Suffolk County police officers conspired to give and gave false testimony, tampered with and withheld relevant evidence; and otherwise harassed, demeaned and maliciously prosecuted plaintiffs, resulting in the indictments of plaintiffs and the conviction of Elisha Burch of assault in the third degree and resisting arrest; (3) that defendant Barry, Suffolk County Police Commissioner, defendant Schmaeke, captain of the local police precinct, and defendant Malloy, apparently a police officer assigned the duty of investigating plaintiffs' allegations, all knowingly or negligently neglected or refused to prevent the commission of these wrongs; and (4) that as a result, plaintiffs were denied and deprived of various constitutional rights. The complaint concludes with demands for relief in the form of compensatory and punitive damages to each plaintiff.
The defendants have moved to strike plaintiffs' separate but timely filed demand for a jury trial or, alternatively, to dismiss the complaint as to certain of the defendants. Plaintiffs dispute defendants' contention that plaintiffs have no right to a jury trial in this case. As both sides have recognized, the question of plaintiffs' right to a jury trial in a civil rights action must be considered in light of the recent Supreme Court decision in Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), aff'g sub nom. Rogers v. Loether, 467 F.2d 1110 (7 Cir. 1972), where the Court stated the following:
The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law. Id. 415 U.S. at 194, 94 S.Ct. at 1008.
The Court, in holding that a right to a jury trial exists for a damage action brought under § 812 of the fair housing provisions of the Civil Rights Act of 1964, 42 U.S.C. § 3612, added that
when Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law. Id. 415 U.S. at 195, 94 S.Ct. at 1009 (footnote omitted).
This court finds no difficulty in applying the Curtis rationale to the case at bar. The acts alleged in this action are quite analogous to various common law torts. Defendants do not appear to contend that damages here would be merely "an integral part of an equitable remedy," id. 415 U.S. at 197, 94 S.Ct. at 1010, which might possibly lead to a contrary result. See cases cited in id. 415 U.S. at 196-97 n. 13, 94 S.Ct. at 1010-1011 n. 13. Instead, compensatory and punitive damages are sought to redress such acts as, under the civil rights laws, would seem to come squarely within the reach of the Curtis case. See Rogers v. Loether, supra, 467 F.2d at 1116-1117, applying Ross v. Bernhard, 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). Pre-Curtis cases brought directly under § 1983 and raising primarily legal claims generally support this view. See Richards v. Smoltich, 359 F. Supp. 9 (N.D.Ill. 1973); Cook v. Cox, 357 F.Supp. 120, 124-125 (E.D.Va.1973). Contra, Lawton v. Nightingale, 345 F. Supp. 683 (N.D.Ohio 1972).
In any event, defendants' contention that no jury trial right exists here focuses on another point: since plaintiffs are currently suing in the State courts for common law tort damages, defendants contend plaintiffs can only seek equitable damages in this court  relief for which there is no right to a trial by jury.
Defendants cite no authority for the remarkable proposition that the existence of a parallel lawsuit in the State courts operates, ex proprio vigore, to characterize *1159 or delimit the claims which may be made in the federal litigation. At best, defendants appear to be addressing themselves to the discretionary question of whether the court should stay the federal proceedings pending final determination of the State action. Klein v. Walston & Co., 432 F.2d 936 (2 Cir. 1970); C. Wright, Federal Courts § 52 at 205 (2d ed. 1970). Not only is this question not properly before the court on this motion, but plaintiffs assert that the causes of action in the State court are wholly distinct from those pending here. The court must therefore conclude that the plaintiff may properly demand a jury trial.
Defendants' alternative motion is to dismiss the complaint as to all but one of the defendants on the grounds that they lack the capacity to be sued, not being "persons" within the meaning of § 1983. In sole support of this, defendants point to two allegations of the complaint describing the defendants' official positions and responsibilities as demonstrating that the suit is being brought against the defendants in their official capacities rather than as "persons," and thus is not within the ambit of the term "persons" as used in §§ 1983, 1985 and 1986. This contention may be quickly disposed of. The same argument was rejected by this court in Manfredonia v. Barry, 336 F.Supp. 765 (E.D.N.Y.1971), wherein a similar complaint was upheld:
The action is brought solely against individual officials who, under color of their respective positions in the County, are alleged to have engaged in acts which plaintiffs claim were in violation of their civil rights. The description in the complaint of defendants' official positions does not transform the action into one against the County. Indeed, in order to establish that defendants were acting "under color of law", a recitation of their governmental status would seem to be essential. Id. at 768.
Accordingly, the court must conclude that defendants' motion must be denied in all respects.
So ordered.