**James M. P. D'AMICO, Plaintiff,**

v.

**D. Allen TREAT, Defendant.**

**No. 74 C 82.**

United States District Court,
N. D. Illinois, E. D.

July 10, 1974.

James M. P. D'Amico, pro se.

Philip B. Laird, Jr., Deputy Atty. Gen., State of California, Sacramento, Cal., Ed Thomas, Asst. Atty. Gen. for Illinois, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to dismiss the instant complaint.

This is purportedly a *pro se* civil rights action seeking to redress the alleged deprivation of the plaintiff's civil rights guaranteed by the United States Constitution and protected by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985. The plaintiff alleges that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331, 1332, and 1343.

The plaintiff, James M. P. D'Amico, is a citizen of the United States of America, a resident of the State of Illinois and an attorney at law licensed since 1960 to practice before the Supreme Court of the State of Illinois and the Federal District Court for the Northern District of Illinois.

The defendant D. Allen Treat was at all times relevant to the instant action

the Medical Director of the Department of Human Resources and Development for the State of California.

The plaintiff, in his complaint, alleges, *inter alia*, the following facts:

1. At all times relevant to the instant complaint the defendant D. Allen Treat was acting in his official capacity as Medical Director of the Department of Human Resources and Development for the State of California under color of that state's laws and was charged with the evaluation of prospective employees according to various standards established in personnel selection.

2. Pursuant to the laws of the State of California the plaintiff was induced to apply for employment as a "Hearing Referee, Unemployment Insurance Appeals Board" pursuant to an announcement of the California State Personnel Board.

3. On the 24th day of February, 1973, the plaintiff, pursuant to the acceptance of his application, completed a written examination in Sacramento, California and, thereafter successfully passed an oral examination in Sacramento, California on the 14th day of June, 1973.

4. On or about July 11th, 1973, the plaintiff was advised that he had been placed number 3 in rank among those taking the examination and had been placed upon a list of eligibles to be certified for any available vacancies.

5. On the 12th day of October, 1973, the plaintiff was offered employment by Mr. Jack D. Clevenger, Chief Referee of the California Unemployment Appeals Board by telephone to the plaintiff, who was in the City of Chicago and State of Illinois.

6. The offer of employment was accepted by the plaintiff on the 12th day of October, 1973, in the City of Chicago, State of Illinois as more fully set out in the letter of confirmation dated October 12, 1973.

7. Pursuant to the offer and acceptance of employment the plaintiff was induced to notify his employer of his termination and acceptance of the position offered which was unequivocal on October 12, 1973.

8. Thereafter, pursuant to request, the plaintiff underwent a thorough physical examination, the results of which were sent to the State of California, Department of Human Resources and Development for evaluation by its Medical Director, the defendant, D. Allen Treat.

9. Contrary to the medical findings of the examining physician, Dr. John Caserta, that the plaintiff was physically fit, which report is in the exclusive possession of the *defendant*, the said defendant wilfully and maliciously refused to accept the certification of the examining physician and arbitrarily misused his position, rank or office to deprive the plaintiff of his Constitutional right to equal protection of the law as provided in the Fourteenth Amendment to the Constitution of the United States, by arbitrarily and maliciously imposing upon him a standard which was:

a. different from the standard used in evaluating other applicants;

b. non-existent as no standards had ever been set;

c. different from the standard as contained in the employment announcement requiring "a state of health consistent with the ability to perform the assigned duties of the class"; and

d. totally and completely unrelated to the work and used solely as

pretext to deprive him of his Constitutional rights.

10. Plaintiff alleges that as a direct consequence and result of the act of the defendant hereinabove complained of plaintiff was deprived of employment and caused to lose great sums of money spent in efforts to secure the employment lost to him and did suffer much anxiety and embarrassment to his reputation and was required to spend substantial sums of money traveling to California to secure employment and seek adequate living accommodations in contemplation of employment.

The plaintiff seeks damages in the amount of fifty thousand dollars.

The defendant, in support of his motion to dismiss the instant complaint, contends that:

1. This Court lacks jurisdiction over the person of the defendant in that the purported personal service of process in California was beyond the limits of effective service for this Court. Defendant is domiciled and resides in California and no federal or state statute supports the effectiveness of the purported service.

2. This Court lacks proper venue over the instant action because the defendant does not reside in this district and the alleged cause of action did not arise within this district.

The plaintiff contends that the instant motion is not meritorious.

It is the opinion of this Court that this Court does not properly have venue over the instant action and that in the interests of justice the instant action should be dismissed without prejudice.

## I. THIS COURT LACKS PROPER VENUE OVER THE INSTANT ACTION

Since the plaintiff brings the instant action as a self-styled civil rights action, it is clear that he does not intend that jurisdiction be solely on the basis of diversity of citizenship. While the precise basis for federal jurisdiction is not clearly spelled out in the *pro se* complaint, it would appear that plaintiff's claim is based at least in part upon the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. § 1343 for which the applicable venue provision is 28 U.S.C. § 1391(b):

> "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

■ There is no applicable law with regard to venue under the Civil Rights Act of 1871 which would exempt this case from the general provision of 28 U.S.C. § 1391(b). See Keadle v. Benedict, 321 F.Supp. 1179 (E.D.Pa.1970); Jimenez v. Pierce, 315 F.Supp. 365 (S.D.N.Y.1970); Sutton v. City of Philadelphia, 286 F.Supp. 143 (S.D.N.Y. 1968). It is clear from the relevant pleadings that the defendant is domiciled and resides in the State of California and that the alleged claim arose in California where the defendant allegedly performed his wrongful acts and where the plaintiff applied for employment. It is clear that in this action the Federal District Court in the Northern District of Illinois is not the proper forum for the purposes of venue.

## II. THE DEFENDANT HAS NOT WAIVED HIS OBJECTION TO VENUE IN THE INSTANT ACTION.

■ The plaintiff contends that the defendant's filing of an appearance and a "motion for enlargement of time" to answer or otherwise plead constituted a waiver of the defenses provided in Rule 12(b) of the Federal Rules of Civil Procedure. It is well settled that a timely objection to venue is one interposed after he has his attorney file an appearance on his behalf and before the

defendant files an answer or other initial pleading. See Fallbrook Public Utility District v. U. S. District Court for the Southern District of California, 202 F.2d 942 (9th Cir. 1953). Cf. Mohr v. Raymond International, 337 F.Supp. 105 (S.D.N.Y.1972). Since the instant defendant has not answered the complaint or filed an initial pleading before objecting to venue it is clear that his objection to venue is not waived by the filing of an appearance.

■ The purpose behind Rule 12(b) of the Federal Rules of Civil Procedure is to avoid the delay occasioned by successive motions and pleadings and to reverse the prior practice of asserting jurisdictional defenses by "special appearance." See Neifeld v. Steinberg, 438 F. 2d 423 (3rd Cir. 1971). Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the Court's jurisdiction or venue. A defendant is no longer required to intone at the door of the federal courthouse those formalized ritual incantations in order that the defendant might in a legalistic way remain outside even while he steps within. A defendant may now enter openly in full confidence that if he prevails in his contentions he will not be compelled to remain in the courthouse and litigate an action which the court lacks jurisdiction or venue over. It is, thus, clear that the objection of the instant defendant to venue is meritorious and timely raised.

■■ It is the opinion of this Court that in the interests of justice the instant action should be dismissed without prejudice so that the plaintiff would be free to not only cure any apparent defects in the service of process but also, if he desires, to appropriately analyze anew the instant complaint in light of

\* Further, the plaintiff has failed to supply this Court with any reason why it would be more in the interests of justice for this Court to transfer the instant action rather than to dismiss it without prejudice. See

that forum which has the proper venue over the instant action. See, e. g., Skilling v. Funk Aircraft Company, 173 F. Supp. 939 (W.D.Mo.1959).\*

In passing, the Court will note that the defendant's contention that this Court lacks jurisdiction over the person of the defendant because the personal service on the defendant was defective is in reality a problem caused by the improper venue of this Court over the instant action and will be cured when the plaintiff files this action in the appropriate federal district court.

Accordingly it is hereby ordered that the defendant's motion to dismiss is granted and the cause is dismissed without prejudice.

Nizami v. Woods, 263 F.Supp. 124 (S.D.N. Y.1967). This failure on the part of the defendant is sufficient reason by itself for the dismissal of the instant action.