Roland T. MARSHALL et al., Plaintiffs,

Equal Employment Opportunity Commission, Plaintiff-Intervenor,

v.

ELECTRIC HOSE AND RUBBER COMPANY, a Delaware Corporation, et al., Defendants.

Civ. A. No. 4708.

United States District Court,
D. Delaware.

April 20, 1976.

Louis L. Redding, Wilmington, Del., and Kenneth L. Johnson, Baltimore, Md., of counsel, for plaintiffs.

Nan Aron, Trial Atty., E.E.O.C., Washington, D. C., for plaintiff-intervenor.

R. Franklin Balotti, of Richards, Layton & Finger, Wilmington, Del., and Elbert H. Coles, Memphis, Tenn., of counsel, for defendant Electric Hose & Rubber Co.

James A. Walsh, Wilmington, Del., and Charles Armstrong and Harley M. Kastner, Akron, Ohio, of counsel, for defendant Unions.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

Plaintiffs and plaintiff-intervenor (collectively the "plaintiffs") in this employment and representation discrimination class action have moved to strike [1] defendant Electric Hose and Rubber Company's (the "Company") demand for a trial by jury.[2]

The Company is charged with discriminating against black employees and black applicants for employment at its Wilmington, Delaware, facilities in breach of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1870, 42 U.S.C. § 1981. Also, the complaint [3] alleges that the United Rubber, Cork, Linoleum and Plastic Workers of America and Local 184, United Rubber, Cork, Linoleum and Plastic Workers of America, (the "Unions") which represent employees at the Company's Wilmington facilities have discriminated against black members in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1870, 42 U.S.C. § 1981, and the Labor Management Relations Act of 1947, 29 U.S.C. § 141 et seq.

Plaintiffs contend that the Company engaged in a wide range of discriminatory employment practices including, inter alia, restricting blacks to less desirable job categories, using the seniority system to perpetuate racially segregated departments, administering racially biased application and advancement tests, denying blacks equal opportunities with whites to participate in job training programs, administering health and safety regulations in a racially discriminatory fashion, and treating whites preferentially in awarding salaries and other employee benefits. The Unions are accused of actively encouraging, assisting and acquiescing in the Company's racially discriminatory acts and practices, contrary to the Union's duties and obligations by refusing to process grievances for their black members and by failing to represent black members equitably during bargaining with the Company. Thus, in substance, the plaintiffs contend that the Company and the Unions jointly participated and engaged in a pervasive effort to deprive blacks of employment opportunities because of their race.

Initially, the Court must consider the impact that an effective jury demand by the Company would have on the trial of issues involving the Unions which have made no formal attempt to obtain a trial by jury. As indicated by the sweep of the complaint, any issue which involves the Unions also implicates the Company because of the joint nature of the alleged wrongful conduct. An efficacious general jury demand by the Company under Rule 38, F.R. Civ.P., would preserve its right to a jury trial on any issue triable by jury. Where joint tortfeasors are sued together, an effective jury demand with respect to one defendant results in a jury trial for all defendants. *McKnight v. Mutual Broadcasting System*, 14 F.R.D. 174 (S.D.N.Y. 1953); *Spiro v. Pennsylvania R. Co.*, 3 F.R.D. 351 (S.D.N.Y.1942). Furthermore, it does not matter if the plaintiffs' grounds for recovery vary somewhat between the Company and the Unions because the issues preserved for the jury by the Company's demand, if effective, are common to both the Company and the Unions. *Collins v. Government of Virgin Islands*, 366 F.2d 279, 284–86 (C.A.3, 1966), *cert. denied*, 386 U.S. 958, 87 S.Ct. 1026, 18 L.Ed.2d 105 (1967). Accordingly, if the Company is entitled to a jury trial on the controlling joint issue of racial discrimination, the jury will also determine whether the Unions discriminated against the class members because of their race.

---

1. Docket Item 79.

2. Docket Item 39.

3. Docket Item 29 (Second amended complaint).

██ Plaintiffs first contend that the Company is not entitled to a jury trial because it failed to demand a trial by jury within the period prescribed by Rule 38(b), F.R.Civ.P. This contention is frivolous. Rule 38(b) provides that a demand for a trial by jury must be served "not later than 10 days after the service of the last pleading." The Company answered[4] the complaint on January 15, 1975, and its demand for a jury trial was served and filed on January 27, 1975.[5] At first glance, it would appear that the ten day period would have expired on January 25, 1975. However, that day was a Saturday and, in accordance with Rule 6(a), F.R.Civ.P., the period for filing a demand for a trial by jury was automatically extended until the following Monday which was January 27, 1975. Thus, the Company's demand for a jury trial was timely served and filed.

Plaintiffs also maintain that a jury trial is not available of right in an employment discrimination class action which seeks injunctive relief, back pay, actual damages, punitive and exemplary damages of one million dollars for each class member, costs and attorney's fees.

██ The broad equitable powers of a district court to mold relief for violation of Title VII are founded upon 42 U.S.C. § 2000e–5(g) which provides in pertinent part:

"If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate."

Because the "fashioning of appropriate remedies invokes the sound equitable discretion of the district courts," *Franks v. Bowman Transp. Co.,* —— U.S. ——, 96 S.Ct. 1251, 47 L.Ed.2d 444, 44 U.S.L.W. 4356, 4363 (1976); *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 449, 95 S.Ct. 2362, 2387, 45 L.Ed.2d 280, 316 (1975) (Burger, C. J., concurring in part and dissenting in part), a party to a Title VII action does not have a right to a trial by jury. *Slack v. Havens,* 522 F.2d 1091 (C.A.9, 1975); *EEOC v. Detroit Edison Co.,* 515 F.2d 301 (C.A.6, 1975), *petition for cert. filed,* 44 U.S.L.W. 3214 (U.S. Oct. 7, 1975); *Robinson v. Lorillard Corp.,* 444 F.2d 791 (C.A.4, 1971), *cert. dismissed,* 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971), 404 U.S. 1007, 92 S.Ct. 651, 30 L.Ed.2d 655 (1972); *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (C.A.5, 1969).[6] As an essential corollary to this principle, it has been held that punitive, exemplary and actual damages are not recoverable in a Title VII proceeding. *Loo v. Gerarge,* 374 F.Supp. 1338 (D.Haw.1974); *Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829 (N.D.Cal.1973).[7]

██ In addition to extensive equitable relief, plaintiffs also seek punitive, exemplary and actual damages. For example,

4. Docket Item 37.

5. Plaintiffs assert that the Company failed to serve its demand for a jury trial, but the document filed with the Court contains an acknowledgment of service, apparently signed by a Secretary of Mr. Redding, one of plaintiffs' counsel. Until plaintiffs come forward to prove that the demand was not served, the Court will assume that the standard practice for service and acknowledgment was followed.

6. "To the extent that discretion is replaced by awards which follow as a matter of course from a finding of wrongdoing, the action of the Court in making such awards could not be fairly characterized as equitable in character, and would quite arguably be subject to the provisions of the Seventh Amendment." *Albemarle Paper Co. v. Moody, supra,* 422 U.S. at 443, 95 S.Ct. at 2385, 45 L.Ed.2d at 313 (Rehnquist, J., concurring). See *Loo v. Gerarge,* 374 F.Supp. 1338, 1340–41 n. 4 (D.Haw.1974).

7. *But see Tooles v. Kellogg Co.,* 336 F.Supp. 14 (D.Neb.1972). *Rosen v. Public Service Elec. & Gas Co.,* 477 F.2d 90 (C.A.3, 1973), discusses the award of "compensatory" damages in a Title VII suit, but the relief considered in that case appears to be the equivalent of back pay.

they seek to recover for the humiliation and embarrassment allegedly resulting from the Company's alleged discriminatory employment practices. (Docket Item 29, par. 14) Section 1981, which provides a route independent of Title VII for redressing discriminatory employment practices, can provide the statutory basis for the award of punitive and actual damages. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295, 301 (1975).[8]

In *Ross v. Bernhard*, 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738, 24 L.Ed.2d 729, 736 (1970), the Court set forth three factors to consider in determining if the right to a jury trial on an issue was protected by the Seventh Amendment:[9] (1) custom before the merger of law and equity, (2) remedy sought, and (3) practical abilities and limitations of juries. First, an "action brought under statutes forbidding racial discrimination is fundamentally for the redress of a tort," *Tillman v. Wheaton-Haven Recreation Ass'n*, 517 F.2d 1141, 1143 (C.A.4, 1975), somewhat akin to an action for defamation or intentional infliction of emotional distress, *Curtis v. Loether*, 415 U.S. 189, 195–96 n. 10, 94 S.Ct. 1005, 1008–09, 39 L.Ed.2d 260, 266–67 (1974), and, ac-

cordingly, it is the type of suit that historically would have been brought in a court of law. Second, plaintiffs demand actual, punitive and exemplary damages that are the traditional remedies provided by a court of law. *Curtis v. Loether, supra*, 415 U.S. at 196, 94 S.Ct. at 1009, 39 L.Ed.2d at 267. Third, the questions confronting the jury in a racial discrimination case "are far more suitable for jury determination than complicated commercial issues that routinely arise in derivative and antitrust litigation," *Rogers v. Loether*, 467 F.2d 1110, 1118 (C.A.7, 1972) (Stevens, J.), *aff'd sub nom. Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), and thus the difficulty of presenting the issues to a jury does not preclude a trial by jury. In sum, it is obvious that the Company and, therefore, the Unions are entitled to a trial by jury on the issues presented by the claims for actual, punitive and exemplary damages.[10] *Amburgey v. Cassady*, 507 F.2d 728 (C.A.6, 1974); *Burch v. Carmody*, 377 F.Supp. 1157 (E.D.N.Y.1974).[11] *See Van Ermen v. Schmidt*, 374 F.Supp. 1070 (W.D.Wis.1974).

The role of the jury in a case where both equitable and legal claims are presented must be considered. The claims arising from Title VII are equitable in nature; claims asserted under § 1981 have both

---

**8.** Of course, equitable relief closely paralleling that awarded in a Title VII action can be awarded in a § 1981 proceeding. *See, e. g., Williams v. Travenol Laboratories, Inc.*, 344 F.Supp. 163 (N.D.Miss.1972).

**9.** The Seventh Amendment provides:

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

**10.** As the Supreme Court, in contrasting the equitable relief envisioned in Title VII with the actual and punitive damages prescribed by 42 U.S.C. § 3612 for violation of Title VIII, pointed out in *Curtis v. Loether, supra*, 415 U.S. at 197, 94 S.Ct. at 1010, 39 L.Ed.2d at 268:

"In Title VII cases, also, the courts have relied on the fact that the decision whether to award backpay is committed to the discretion of the trial judge. There is no comparable discretion here: if a plaintiff proves un-

lawful discrimination and actual damages, he is entitled to judgment for that amount. . . . Whatever may be the merit of the 'equitable' characterization in Title VII cases, there is surely no basis for characterizing the award of compensatory and punitive damages here as equitable relief." (footnote omitted).

**11.** *Lynch v. Pan American World Airways, Inc.*, 475 F.2d 764 (C.A.5, 1973), rejected a plaintiff's demand for a jury trial on compensatory and punitive damage claims stemming from an alleged violation of § 1981. The court viewed the demand for damages as frivolous and refused to allow the plaintiff to control the issue of granting a jury trial by merely making unsupported allegations for damages. In the pending case, it is a defendant who is confronted by serious plaintiffs who seek actual and punitive damages, and, accordingly, the concern for manipulating the jury trial right is not present at this time. Furthermore, in *Lynch* it appears that the independence of § 1981 from Title VII was not fully recognized. See *Johnson v. Railway Express Agency, Inc., supra*.

equitable and legal aspects.[12] In essence, the crucial factual question which must be resolved during the course of this litigation is whether the defendants engaged in racially discriminatory employment and representation practices. If the defendants did not discriminate on the basis of race, neither equitable nor legal relief would be forthcoming.

Where the "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact." *Curtis v. Loether, supra,* 415 U.S. at 195–96 n. 10, 94 S.Ct. at 1009, 39 L.Ed.2d at 267. *See Ross v. Bernhard, supra; Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 472–73, 82 S.Ct. 894, 896–97, 8 L.Ed.2d 44, 48 (1962). Therefore, because the issue of racial discrimination is common to plaintiffs' legal claims and equitable claims, the jury will have the duty of determining whether the defendants engaged in racially discriminatory employment and representation practices.[13] *Burt v. Board of Trustees,* 521 F.2d 1201 (C.A.4, 1975); *Lucas v. Philco-Ford Corp.,* 380 F.Supp. 139, 146 (E.D.Pa.1974). If the jury finds in favor of plaintiffs on this issue, the Court will then be able to consider the wisdom of granting equitable relief. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 508, 79 S.Ct. 948, 955, 3 L.Ed.2d 988, 996 (1959).

An order will be entered denying the motion of plaintiffs to strike the Company's demand for a trial by jury.

---

**12.** The relief sought from the Unions for breach of the duty of fair representation is partly equitable and partly legal also.

**13.** Until *Fitzgerald v. United States Lines Co.,* 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), an injured seaman's suit based on negligence was tried to a jury and his claim based on the unseaworthiness of his ship was tried to the court in admiralty. However, because "[o]nly one trier of fact should be used for the trial of what is essentially one lawsuit," *id.* at 21, 83 S.Ct. at 1650, 10 L.Ed.2d at 724, the

Supreme Court required that the issues traditionally submitted to the judge be presented to the jury along with the negligence questions. The historical separation of admiralty from law bears rough resemblance to the historical division of equity and law. Thus, where joined legal and equitable claims both depend on the same factual determination, *Fitzgerald* suggests that a trial by jury is available as of right on the underlying factual issues common to both sets of claims.