**Charles F. BYRD, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 78–3181.

United States Court of Appeals, Fifth Circuit.

Dec. 1, 1980.

ize or delimit the claims which may be made in the federal litigation. At best, defendants appear to be addressing themselves to the discretionary question of whether the court should stay the federal proceedings pending final determination of the State action. Klein v. Walston & Co., 432 F.2d 936 (2 Cir. 1970); C. Wright, Federal Courts § 52 at 205 (2d ed. 1970). Not only is this question not properly before the court on this motion, but plaintiffs assert that the causes of action in the State court are wholly distinct from those pending here. The court must therefore conclude that the plaintiff may properly demand a jury trial.

█ Defendants' alternative motion is to dismiss the complaint as to all but one of the defendants on the grounds that they lack the capacity to be sued, not being "persons" within the meaning of § 1983. In sole support of this, defendants point to two allegations of the complaint describing the defendants' official positions and responsibilities as demonstrating that the suit is being brought against the defendants in their official capacities rather than as "persons," and thus is not within the ambit of the term "persons" as used in §§ 1983, 1985 and 1986. This contention may be quickly disposed of. The same argument was rejected by this court in Manfredonia v. Barry, 336 F.Supp. 765 (E.D.N.Y.1971), wherein a similar complaint was upheld:

> The action is brought solely against individual officials who, under color of their respective positions in the County, are alleged to have engaged in acts which plaintiffs claim were in violation of their civil rights. The description in the complaint of defendants' official positions does not transform the action into one against the County. Indeed, in order to establish that defendants were acting "under color of law", a recitation of their governmental status would seem to be essential. *Id.* at 768.

Accordingly, the court must conclude that defendants' motion must be denied in all respects.

So ordered.