436 So.2d 959 (1983)
Raymond R. LAING, Individually, and National Associates Insurance Agency, Inc., Appellants,
v.
FIDELITY BROADCASTING CORPORATION, d/b/a Prestige Jet, Appellees.
No. 82-1565.
District Court of Appeal of Florida, Fifth District.
July 21, 1983.
Rehearing Denied September 1, 1983.
Edward C. Vining, Jr., Miami for appellants.
Robert B. White, Jr., P.A., Orlando, for appellees.
COBB, Judge.
The plaintiff below, Fidelity Broadcasting Corporation (Fidelity), filed a second amended complaint on March 17, 1982, against the defendants, Raymond R. Laing and National Associates Insurance Agency, Inc. (National). Previously, on January 29, 1982, the case had been set for jury trial by a court order reciting that "the defendants (Laing and Associates Bonding Agency, Inc., a dismissed defendant) requested this be set as a jury trial ..."
Subsequent to March 17, the case was removed from the trial calendar because of Fidelity's amendment. In August, over objection by Laing and National, the case was set for non-jury trial in October, at which time a monetary judgment was entered against National. The issue on appeal is whether or not the trial court erred in denying a jury trial to National.
Florida Rule of Civil Procedure 1.430 provides that a party waives trial by jury unless he timely serves a demand for one. Section (b) of the rule provides:
Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than ten days after the service of the last pleading directed to such issue. The demand may be endorsed upon a pleading of the party.
National concedes it never filed a demand for trial by jury. The only such demand was served on December 18, 1981, at a time when Laing and Associates Bonding Agency, Inc., but not National, were named as defendants. The demand stated:
Defendants hereby demand a trial by jury of all issues in this cause.
*960 Thus, before determining the timeliness of this demand, this court must decide whether a demand by one defendant results in a jury trial for all defendants.
Apparently, there are no Florida cases on point. However, several federal cases have addressed the issue. Initially, it should be noted that the Florida rule regarding jury trials is patterned after the federal rule, specifically Federal Rule of Civil Procedure 38, which also authorizes a party to demand a trial by jury at any time after the commencement of the action, and not later than ten days after service of the last pleading directed to such issue. Federal courts have held that where joint tortfeasors are sued together, an effective jury demand by one of the defendants results in a jury trial for all defendants. Marshall v. Electric Hose & Rubber Co., 413 F. Supp. 663 (D.Del. 1976); Collins v. Government of Virgin Islands, 366 F.2d 279 (3d Cir.V.I. 1966), cert. denied, 386 U.S. 958, 87 S.Ct. 1026, 18 L.Ed.2d 105 (1967). In the instant case, Fidelity alleged the same breach of contract as to each defendant and sought the same recovery from each. Thus, Laing, Associates Bonding Agency and National are analogous to joint tortfeasors.
The issue then becomes whether the December 18, 1981, demand for jury trial was timely under Florida Rule of Civil Procedure 1.430. A demand is timely when it is served not later than ten days after service of the last pleading directed to the issue(s) on which a jury trial is sought.
At this point, a review of the pleadings is helpful. Fidelity's initial complaint named as defendants Laing individually and d/b/a National Associates. The amended complaint named Laing individually and Associates Bonding Agency, Inc., as defendants. The second amended complaint kept Laing individually as a defendant, dropped Associates Bonding Agency, and added National as a defendant.
Neither the amended nor the second amended complaint added new allegations regarding Laing individually, so the time for service of his demand for jury trial was not later than ten days from service of his answer to the first complaint.[1] Laing served his answer and counterclaim in response to the first complaint on July 8, 1981. Consequently, Laing was required to serve his demand for jury trial not later than July 18, 1981, ten days after service of the last pleading. If one determines the last pleading to be Fidelity's answer to Laing's counterclaim, the demand was due on July 29, 1981. However, Laing's only demand for jury trial was served on December 18, 1981, well beyond either date. Thus, Laing himself did not file a timely demand for jury trial. It is arguable, therefore, that Laing individually could not rely upon the timely demand for jury trial of another defendant. Cf. Christenson v. Diversified Builders, Inc., 331 F.2d 992 (10th Cir. Utah), cert. denied, 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48 (1964) (where a demand, while timely as to some of the issues, was not as to others, and the court concluded that there was a waiver of jury trial on those issues for which the untimely demand was made). This is not to say, however, that National also waived its right to jury trial.
Working from the premise that one defendant's demand is good for the other defendants if timely as to them, if the December *961 18 demand was timely as to Associates Bonding Agency, then National may be allowed to rely on it. Fidelity brought Associates Bonding Agency into the suit by the amended complaint. Associates Bonding Agency served its answer and counterclaim on December 14, 1981. Thus, its December 18 demand for jury trial was within the ten-day time period and therefore timely as to Associates Bonding Agency. Of course, it never received a jury trial as it was dropped as a defendant by the second amended complaint, which added National as a defendant.
The mere fact that Associates Bonding Agency was eventually dismissed as a party should not affect National's reliance on the December 18 demand. See Collins v. Government of Virgin Islands, 366 F.2d 279 (3d Cir.1966), cert. denied, 386 U.S. 958, 87 S.Ct. 1026, 18 L.Ed.2d 105 (1967) where the co-defendant, Benjamin, filed a demand, while the co-defendant Government did not. In chambers on the morning of the trial, as the jury waited in the courtroom, the court granted the plaintiff's motion to dismiss with prejudice the action against all the defendants except Government. The court refused to allow Government a jury trial. On appeal, the Third Circuit held Government was entitled to a jury trial by virtue of the timely demand by its co-defendant, Benjamin. The court stated:
[T]hat Collins was allowed to drop his action against Benjamin with Government's consent has no effect on Government's right to a jury trial. Once a jury trial has been demanded, trial must be had by jury unless there is a "written stipulation" or "oral stipulation made in open court" consenting "to trial by the court sitting without a jury." Rule 39(a) Federal Rules of Civil Procedure. See also, Rule 38(d), Federal Rules of Civil Procedure. Here there was no such stipulation by Government.
Collins, 366 F.2d at 286). The Florida rule is similar to Federal Rule of Civil Procedure 38(d), in that once a demand has been made it cannot be withdrawn without the consent of the parties. See Fla.R.Civ.P. 1.430(d).
One major distinction exists between Collins and the instant case. In Collins, Government, who relied on the other defendant's demand, was a party at the time the demand was made, while in the instant case National was not a defendant when Associates Bonding Agency made its demand. Thus, Associates Bonding Agency and National were technically never co-defendants. The fact remains, however, that a timely demand for jury trial as to one defendant was made. Moreover, on January 29, 1982, the court set the action for a jury trial. Thereafter, on March 17, 1982, Fidelity filed its second amended complaint, dropping Associates Bonding Agency and adding National. National served its answer on May 17, 1982, making May 27, 1982, the last day on which it could have served a demand for jury trial. During this time, National was justified in believing that a jury trial was going to occur, as the court on January 29, 1982, had set the action for one. It was not until June 7, 1982, that the court set the action for a non-jury trial. At that point, it was too late for National to file a timely demand.
While National did not file its own demand for jury trial, it should have been allowed to rely on the court's setting the action for jury trial, and on Associates Bonding Agency's timely demand, which was never withdrawn pursuant to Florida Rule of Civil Procedure 1.430(d), notwithstanding Associate Bonding Agency's eventual dismissal as a defendant in the case. Accordingly, we reverse the final judgment against National and remand for a new trial by jury.
REVERSED and REMANDED.
ORFINGER, C.J., and COWART, J., concur.
NOTES
[1] See Leopold v. Richard Bertram & Co., 276 So.2d 225 (Fla. 3d DCA 1973) (where petitioners were named as defendants in the complaint, which did not contain a demand for jury trial, and they did not make a demand in their responsive pleadings. Thereafter, the plaintiff's amended complaint added a count naming a new party defendant. As to the original defendants, the issues remained the same. The original defendants sought to have the matter placed on the jury docket and the court refused. On a petition for writ of certiorari, the Third District held that the original defendants waived their right to a jury trial by not demanding one at the time of their initial responsive pleading, and further that they were not entitled to demand a jury trial upon the plaintiff's amendment to the complaint, which merely added a new party, but no new issues as to the original defendants. In Leopold, the court noted the Florida rule regarding jury trials was patterned after the federal rule. It also noted that the issue of whether the new party defendant had a right to request a jury trial was not before it).