NESBITT, Judge.
Architect Ricardo P. Rodriguez petitions this court for certiorari to review the trial court’s order denying his motion to strike the underlying case from the non-jury trial calendar. As the record here does not establish that Rodriguez waived his constitutional right to a jury trial, we vacate the order and remand for a jury trial.
In the underlying case, Charles Raymond Mummery and the BMR Companies initially sued the Ralph Merritt Development Corporation in July 1995, alleging that Merritt’s negligence and failure to meet the minimum requirements of the Florida Building Code resulted in damage to BMR’s warehouse and its contents. BMR operated an automobile maintenance, repair, and storage facility in the warehouse, which collapsed during Hurricane Andrew and apparently crushed many expensive sports cars within. Merritt’s answer included a timely demand for jury trial. In February 1996, Mummery and BMR amended their complaint to include architect Rodriguez (and his firm, Ricardo P. Rodriguez, Architect P.A.) as additional defendants, basically asserting that Rodriguez had improperly designed the warehouse, in violation of the Building Code, and that this caused the building’s collapse during the hurricane.
The case was initially set for jury trial on June 1, 1998. However, in May 1998, Mummery and BMR settled with Merritt, the case was removed from the jury trial calendar, and Merritt was dismissed for the case, leaving Rodriguez and his firm as the sole defendants. Mummery and BMR then succeeded in re-setting the case, only this time on the non-jury trial calendar. Rodriguez objected by filing a motion to strike the cause from the non-jury trial calendar, which was denied. The denial precipitated this petition.
We find that Rodriguez did not waive his right to a jury trial and, therefore, that the trial court’s order denying his motion to strike the cause from the non-jury trial calendar departed from the essential requirements of law. Where one of multiple defendants files a timely demand for a jury trial, the result is a jury trial for all defendants. See Laing v. Fidelity Broadcasting Corp., 436 So.2d 959, 960 (Fla. 5th DCA 1983); see also Marshall v. Electric Hose & Rubber Co., 413 F.Supp. 663, 665 (D.Del.1976). Thus, Rodriguez’s reliance on co-defendant Merritt’s timely demand for jury trial was totally reasonable and acted as Rodriguez’s own demand for jury trial.[1] Neither the fact that Merritt made the demand before Rodriguez was a party nor the fact that Merritt later settled with the plain *1237 tiffs and was dismissed from the ease negates the effectiveness of the demand for jury trial with respect to the remaining defendants. See Laing, 436 So.2d at 960; see also Collins v. Government of Virgin Islands, 366 F.2d 279 (3d Cir.1966). The situation in the Laing case was similar to that in the instant ease; Laing held that the jury trial demand of one defendant-who was later dismissed from the action-was effective as to remaining defendants who had not individually demanded jury trial. Id. This comports with Florida Rule of Civil Procedure 1.430.
It is clear in the instant case that Rodriguez did not waive his right to a jury trial. In fact, he fully expected to go to jury trial with co-defendant Merritt on June 1, 1998, as scheduled on the jury trial calender. As we explained above, Merritt’s subsequent dismissal from the case does not mean that Rodriguez is now foreclosed from his right to that jury trial. We explicitly follow the La-ing rationale, and hereby grant the petition sought, vacate the order under review and remand for a jury trial.

. In our view, the negligence claims against Merritt and Rodriguez were similar, though they were not identical due their different roles in the allegedly negligent construction of the warehouse. We find that it was appropriate, therefore, that Rodriguez relied on co-defendant Merritt’s demand for jury trial and did not make a separate demand for jury trial in his answer.