The F & D PROPERTY CO., a Corporation, and Fred M. Winner, Receiver, Appellants,

v.

James H. ALKIRE et al. and Younker Brothers, Inc., Appellees.

No. 9430.

United States Court of Appeals Tenth Circuit.

Nov. 6, 1967.

Richard L. Eason, of Van Cise, Freeman, Tooley & Eason, Denver, Colo., for appellants.

Donald S. Graham, of Davis, Graham & Stubbs, Denver, Colo. (Dale R. Harris, Denver, Colo., was with him on the brief), for appellees.

Before PICKETT, HILL and HICKEY, Circuit Judges.

PICKETT, Circuit Judge.

This action was brought by the present owners of leased property in Denver, Colorado, to recover delinquent rentals and other charges due under the terms of the lease. The complaint alleges that the defendant Younker Brothers, Inc., a Delaware corporation, had, by written agreement, assumed the obligations imposed upon the original lessee and was liable for the delinquent rentals and other charges. Younker Brothers instituted third party proceedings against appellants alleging that it was entitled to judgment against appellants for any amounts found to be due from it to the plaintiffs, appellees herein, on the lease. Appellants, in their answer to the third party complaint, denied any liability to the third party plaintiff and alleged affirmatively that they were never assignees of the leasehold estate. Plaintiffs' motion for summary judgment was sustained, and upon a determination that there was no just reason for delay, the court entered judgment for the plaintiffs against Younker Brothers. Only the third party defendants have appealed. The primary contentions presented are (1) there were material issues of fact existing between the plaintiff and third party defendants, and summary judgment was inappropriate; (2) that by reason of a notice of default the lease was terminated and there was no further liability thereon; and (3) the trial court erred in entering final judgment against Younker Brothers.

There is no dispute as to the material facts. On April 21, 1909, John D. Alkire entered into a 99-year lease agreement with the Daniels & Fisher Stores Company, a Colorado corporation, covering Lots

17 and 18, Block 76, East Denver, Colorado, upon which the lessee agreed to construct the building commonly known as "The Daniels & Fisher Tower." The lease provided for an annual rental of $12,500.00, payable semi-annually in advance. In addition, the lessee was required to pay all taxes and adequately insure the building and improvements located on the leasehold premises. The building was constructed and occupied by the Daniels & Fisher Stores Company until approximately 1957, when the corporate name was changed to Lawrence Corporation. In 1958 Lawrence Corporation assigned the leasehold estate to Webb & Knapp, Inc., with no assumption by the assignee of the lessee's obligations under the lease. Webb & Knapp assigned the lease to Hyman Wiener, who assigned it to Samuel Lemberg. Lemberg then assigned the lease to Webb & Knapp, which in turn assigned it to Tower Merchandise Mart. Tower Merchandise Mart executed to Webb & Knapp a purchase money deed of trust, which included the leasehold estate, as well as other property. Tower Merchandise Mart defaulted in payments and Webb & Knapp commenced foreclosure proceedings in the Denver District Court. Fred M. Winner was appointed Receiver in October, 1960.

In July 1963, Chemical Bank New York Trust Company purchased the leasehold estate through the foreclosure proceedings and thereafter assigned its interest in the leasehold estate to appellant F. & D. Property Company. Meanwhile, in January of 1962, Lawrence Corporation assigned the lease to Younker Brothers, which agreed in writing to assume and perform all obligations required by the lease. At that time appellees were the successors in interest of the original lessor, John D. Alkire, and Younker Brothers executed a separate agreement with them in which it assumed the lease obligations of the Lawrence Corporation. Except for Younker Brothers, the various assignees did not assume the lessee's obligations under the lease. On December 3, 1963, the property owners notified Younker Brothers that there was default in the payments of rentals due and made demand for payment thereof.[1] On March 1, 1966 there were due and unpaid six semi-annual rental payments of $6,250 each, and unpaid real property taxes totaling $22,059.91.

At a pre-trial conference, appellees and Younker Brothers submitted a stipulation of facts and a stipulation of contested issues of fact and law. The pretrial order required the third party defendants

---

[1]. This letter read:

Younker Brothers, Inc.
c/o Samuel F. Sherman, Jr.
Dawson, Nagel, Sherman & Howard
1900 First National Bank Building
Denver, Colorado 80202

Gentlemen:

In accordance with the terms of the Lease dated April 21, 1909, between John D. Alkire as lessor and The Lawrence Corporation (formerly The Daniels and Fisher Stores Company) as lessee, for the premises described as Lots 17 and 18, Block 76, East Denver, in the City and County of Denver and State of Colorado, written notice of default is hereby given. The semi-annual payment of rend due September 1, 1963, under the terms of said Lease in the amount of $6,250 has not been paid to the lessors. Demand is hereby made upon you for the amount of rental due, together with interest at the rate of 6% per annum from September 1, 1963, until paid.

cc: Younker Brothers, Inc.
    Attention: President
    Des Moines 6, Iowa

CERTIFIED MAIL #560409
RETURN RECEIPT REQUESTED."

"110 South University Boulevard
Denver, Colorado 80209

Evelyn S. Packard, for herself and as agent for the other lessors.

REGISTERED MAIL
RETURN RECEIPT REQUESTED

to join in the stipulations or to file particular reasons for not doing so. In compliance with the order, the appellants joined in some portions of the stipulations and refused to join in others. Thereafter appellees filed a motion for summary judgment based upon the record and the stipulation of facts. Their pleadings had been limited to answering the third party complaint, and no claim was made that Younker Brothers had failed to fully answer plaintiff's complaint. No attempt was made to show that any of the facts stipulated were untrue. The record does not disclose that they objected to the entry of a judgment against Younker Brothers. Appellants now contend that, not having agreed to the complete stipulation of facts upon which the court relied in granting the summary judgment, there were disputed issues of fact which remained to be resolved before judgment could be entered against Younker Brothers.

█ Rule 14, F.R.Civ.P., authorizes a third party defendant to assert against the plaintiff any defense which the original defendant has to plaintiff's claim and any other claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of plaintiff's claim against the third party plaintiff. For the purpose of defense against plaintiff's complaint, a third party defendant is in the law suit as an adverse party to the same extent as the defendant and must act accordingly. This assures a third party defendant complete defense protection in an action where he may be liable for the judgment in favor of the plaintiff. See, 3 Moore's Federal Practice, § 14.13; Wiggins v. City of Philadelphia, 3 Cir., 331 F.2d 521, 529.

█ In disposing of a motion for summary judgment under Rule 56, F.R. Civ.P., the trial court shall consider the pleadings, affidavits attached to the motion, depositions, answers to interrogatories, and stipulations. When a motion for summary judgment is made and so supported, "(A)n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e), F.R.Civ.P.; Scarboro v. Universal C.I.T. Credit Corp., 5 Cir., 364 F.2d 10; Dressler v. MV Sandpiper, 2 Cir., 331 F.2d 130; see, 6 Moore's Federal Practice § 56.01, p. 2021. Quite clearly a third party defendant may resist plaintiff's motion for summary judgment to the same extent as the defendant, but he is in no better position than the defendant, and the requirement to respond to a showing in support of a motion for summary judgment is applicable to him as though he were the defendant. Generally, facts stipulated to by the parties may not be disregarded and are to be considered as facts in the case without resort to further evidence. United States v. Sommers, 10 Cir., 351 F. 2d 354. Upon motion for summary judgment, stipulations of fact are to be considered as admissions under Rule 56, F.R. Civ.P. Stubblefield v. Johnson-Fagg, Inc., 10 Cir., 379 F.2d 270. But, assuming that a third party defendant may object to a stipulation entered into between plaintiff and defendant and filed with a motion for summary judgment, affirmative action must be taken and a showing made that the stipulation has inaccurate or untrue statements of material facts; otherwise the purpose of Rule 56 would be thwarted and the litigation prolonged. See, Zampos v. United States Smelting, Refining & Mining Co., 10 Cir., 206 F.2d 171. We find no error in granting the motion for summary judgment.

█ By stipulation it was agreed that the semi-annual payment of rent due September 1, 1963 was in default, and that thereafter on December 3, 1963 the lessors gave written notice of the default, which had not been removed as of the date of the stipulation. The lease provides:

"It is further stipulated and agreed that if default is made in any of the covenants, conditions or agreements, or

any payments of the semi-annual rent in this lease contained, to be kept, performed and paid by the lessee, it shall and may be lawful for the lessor, upon the failure of the lessee to pay or fulfill such covenant within six (6) months after notice of such default in writing to the lessee, or to any person or corporation then in possession of said premises, to re-enter said premises and take absolute possession thereof and all improvements thereon, with or without process of law; and, if said lessee, or any person or corporation in possession of said premises shall remain in possession and shall remain in default more than six (6) months after service of notice as above provided, he, it, or they shall be deemed guilty of unlawful detainer under the statutes of the State of Colorado then in force.

In case of forfeiture on this lease and the entry by the lessor into possession of the premises hereby demised, or upon surrender of said demised premises together with the improvements thereon by the lessee to the lessor, the said lessee shall be released from all obligations hereunder not then already accrued.

It is further stipulated and agreed that time is of the essence of this contract, and that a failure to pay any of the rent reserved, as hereinabove provided, or a failure on the part of the lessee to perform any of the terms or conditions of this contract, shall work a forfeiture hereof, provided such default shall exist for the period of six (6) months after notice in writing to be given by the lessor to the lessee, as hereinabove provided."

The argument is that these provisions created a special limitation which brought about an automatic termination of the lease six months after the aforesaid notice of default was given.[2] We agree with the trial court's holding that the provisions created a condition subsequent for the benefit of the lessor and

did not terminate the lease upon a breach unless there was an entry or a claim of possession by the lessor. Generally, forfeiture provisions in a lease are for the benefit of the lessor and may be waived by him. He may elect to exercise the forfeiture provision or enforce the provisions of the lease. Moffat Tunnel Improvement District v. Denver & S. L. Ry. Co., 10 Cir., 45 F.2d 715, cert. denied 283 U.S. 837, 51 S.Ct. 485, 75 L.Ed. 1448; Ten-Six Olive, Inc. v. Curby, 8 Cir., 208 F.2d 117, 123; 32 Am.Jur. Landlord and Tenant, § 849. The owners here elected only to collect the rentals, and other payments due under the provisions of the lease, from Younker Brothers which, through an assignment and assumption agreement had become the original obligor under the lease. The lease was not terminated. The evident purpose of the letter notice was to demand payment of the delinquent rentals and other charges, with no manifest intention to declare a forfeiture.

Rule 54(b), F.R.Civ.P., authorizes the entry of a final judgment as to less than all the claimants in the action if there is no just reason for delay. Under this rule, a determination that there is no just reason for delay in the entry of a final judgment and the entry thereof, as to less than all the claims in the action, is a matter within the discretion of the trial court. Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311; Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297; Metal Coating Corp. v. National Steel Construction Co., 9 Cir., 350 F.2d 521; Walter W. Johnson Co. v. Reconstruction Finance Corp., 9 Cir., 223 F.2d 101; see, 6 Moore's Federal Practice § 54.41[3]. There being no apparent defense to appellees' claim against Younker Brothers for delinquent rentals and other charges under the lease, and it not appearing that the judgment would interfere with appellant's defense to the third party complaint, the trial court did not abuse its

---

2. This was the primary issue of law as stipulated between appellees and Younker Brothers, and considered in the motion for summary judgment.

discretion in entering final judgment for these amounts.

We have considered the other contentions of the appellant and find no prejudicial error.

Affirmed.