STATE MUTUAL LIFE ASSURANCE COMPANY OF AMERICA, Citizens Mutual Insurance Company, Worcester Mutual Fire Insurance Company and The Beacon Mutual Indemnity Company, Plaintiffs-Appellees,

v.

ARTHUR ANDERSEN & CO., Defendant-Appellant.

ARTHUR ANDERSEN & CO., Defendant and Third-Party Plaintiff-Appellant and Petitioner-Appellant,

v.

Joseph A. BONURA, Empire National Bank (as successor in interest to County National Bank), Jack R. Dick and Herman L. Meckler, Third-Party Defendants,

Empire National Bank, Defendant, Third-Party Defendant and Petitioner-Appellant.

ARTHUR ANDERSEN & CO., Defendant and Third-Party Plaintiff-Appellant,

v.

Joseph A. BONURA, Empire National Bank (as successor in interest to County National Bank), Jack R. Dick and Herman L. Meckler, Third-Party Defendants,

Herman L. Meckler, Defendant and Third-Party Defendant-Appellee.

Nos. 929, 1084–85, 937, Dockets 78–7028, 78–7031, 78–7037 and 77–7385.

United States Court of Appeals, Second Circuit.

Argued May 11, 1978.

Decided Aug. 8, 1978.

Peter Fleming, Jr., New York City (John E. Sprizzo, Eliot Lauer, Lynne H. Federman, Curtis, Mallet-Prevost, Colt & Mosle, New York City, Charles W. Boand, Robert F. Forrer, Wilson & McIlvaine, Chicago, Ill., of counsel), for defendant-appellant Arthur Andersen & Co.

Douglas S. Liebhafsky, New York City (George A. Katz, Meyer G. Koplow, Theodore N. Mirvis, Wachtell, Lipton, Rosen & Katz, New York City, of counsel), for plaintiffs-appellees.

Miles F. McDonald, New York City (Jesse Climenko, Mark E. Davidson, Shea, Gould, Climenko & Casey, New York City, of counsel), for Empire Nat. Bank.

Stephen A. Marshall, New York City (Walter H. Curchack, Rubin, Baum, Levin, Constant & Friedman, New York City, of counsel), for Herman L. Meckler.

Before WATERMAN, HAYS and MANSFIELD, Circuit Judges.

MANSFIELD, Circuit Judge:

Two issues are presented by these appeals pursuant to Title 28 U.S.C. § 1292(b) from orders entered by Judge Henry F. Werker of the Southern District of New York in this multi-party action involving third party and cross claims. The first, raised by Arthur Andersen & Co. ("Andersen"), a defendant and third-party plaintiff, is whether, after a jury trial of all issues between all parties has been held pursuant to court order, despite a prior jury waiver by some parties, and the jury is unable to agree upon a verdict with respect to certain claims, those parties who previously waived a jury are entitled to a jury retrial of those claims. We hold that under the unusual circumstances of this case they are so entitled and reverse the district court's order for a non-jury trial of those claims.

The second issue, raised by defendant and third-party plaintiff Andersen, is whether, after the jury returned a verdict in favor of third-party defendant Herman L. Meckler ("Meckler") against plaintiffs and third-party Empire National Bank ("Empire"), the trial judge erred in entering a judgment dismissing the claims of Andersen, a defendant and third-party plaintiff, against

Meckler. We find no error in this action and accordingly affirm the judgment.

The action was instituted against Andersen by various insurance companies for recovery as damages of approximately $10 million loaned by them between 1967 and 1969 to Black Watch Farms, Inc. ("Black Watch"), a cattle breeding business audited by Andersen.[1] Plaintiffs claimed that Andersen violated its duties under the federal securities statutes and common law in its auditing of Black Watch's accounts. Andersen, in turn, filed a third-party complaint against various parties, including Empire, which had functioned as Black Watch's principal banker, and Meckler, who had been chairman and chief executive of Black Watch. Andersen claimed that Empire and Meckler had failed to disclose certain financial information to it, and sought contribution from them in the event it should be found liable to the plaintiffs.

Neither plaintiffs nor Andersen initially demanded a jury trial. However, both Meckler and Empire, upon answering Andersen's third-party complaint against them, demanded a jury trial of the third-party claims, and Empire, exercising its right under Rule 14(a), F.R.Civ.P.,[2] filed an answer demanding a jury trial of that claim.

In January, 1973, plaintiffs filed a separate complaint naming Empire as a defendant, thereby making Empire a co-defendant with Andersen. In March, 1973, Empire answered this complaint, cross-claimed against Andersen, Meckler and others, and again demanded a jury trial of all issues. In April, 1973, plaintiffs filed a complaint against Meckler, who demanded a jury in his answer, which also included contribution cross-claims against Andersen.

The result of this flurry of filings, which then-District Judge Gurfein characterized as "somewhat reminiscent of Chitty's book on common law pleadings,"[3] was that plaintiffs had claimed directly against Andersen, Empire, and Meckler as defendants. Andersen had claimed as a third-party plaintiff against Empire, Meckler and others not relevant here. Empire had demanded a jury trial of all issues in plaintiffs' original complaint against Andersen; and Empire and Meckler had demanded a jury trial of all issues arising out of plaintiffs' claims against them as defendants. Moreover, Empire and Meckler had demanded a jury trial as to all issues arising out of Andersen's third-party claims against them, including the issue of Andersen's liability to plaintiffs, the initial dispute as to which neither plaintiffs nor Andersen had made a jury demand. Finally, Empire had also demanded a jury trial of its cross-claims against Andersen and Meckler.

After an extended period of discovery, Judge Werker scheduled a pre-trial conference for January 15, 1976, one purpose of which was to determine the format of the upcoming trial. At this conference Andersen took the position that a jury trial was "required by the Federal Rules with respect to all claims and issues between any and all of the parties," even though it had never

---

1. In 1970 Black Watch filed a Chapter XI bankruptcy petition and was adjudicated a bankrupt in April, 1971; in December, 1970, plaintiffs liquidated their loans, which had been in the amount of $10,350,000, for $80,000.

2. "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. . . . The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." (Fed.R.Civ.P. 14).

3. In 1974 plaintiffs moved for a separate trial of its claims against Empire. (Then) District Judge Gurfein denied the motion. 63 F.R.D. 389, 392 (S.D.N.Y.1974).

demanded a jury trial. The plaintiffs, though somewhat more equivocal as to whether a jury trial of their claims against Andersen was required, argued as follows in a memorandum submitted to the court prior to the conference:

> "While it has been and remains plaintiffs' preference that all of their claims— against Andersen, Empire and Meckler— be tried to the Court, it seems clear that the jury demands of Empire and Meckler have foreclosed that prospect. Under the circumstances, therefore, *plaintiffs wish to be relieved of their jury waiver.* See Rule 39(b), Fed.R.Civ.P.

> \*　\*　\*　\*　\*　\*

> To proceed with a bench trial of the Andersen issues, as between plaintiffs and Andersen, would thus be to invite inconsistent findings by Court and jury on identical issues. . . .

> \*　\*　\*　\*　\*　\*

> It seems clear that Meckler and Empire can insist, as to themselves, on a jury determination of the issue of Andersen's liability to plaintiffs. Not so clear is whether the jury demands of the third-party defendants have either relieved plaintiffs and Andersen from their jury waivers or otherwise converted plaintiffs' case against Andersen into a jury case for plaintiffs and Andersen.

> *On one view—probably the correct position—the jury demands of the impleader defendants have the effect of requiring that a jury decide the issue of Andersen's liability even as between Andersen and plaintiffs.* However, it can be argued that the jury demands operate solely to require that a jury determine, as between Andersen and the third-party defendants, the issue of Andersen's liability to plaintiffs, while as between Andersen and plaintiffs the Court would theoretically still decide that issue." (emphasis added)

Thus Judge Werker was confronted with multiple parties asserting a complex series of claims, and no possibility of avoiding a jury trial as to all of them, at least with respect to some parties (Empire and Meck-

ler). Of the two principal parties to the litigation (plaintiffs and Andersen), one (Andersen) argued that a jury trial of all issues was required, while the other (plaintiffs) argued that even if a trial of all issues to a jury was not required, it was certainly the most desirable alternative. Empire and Meckler, by reason of their jury demands, were certainly entitled to a jury trial of the plaintiffs' direct claims against them and of the third-party claims asserted by Andersen against them. In addition, Empire was entitled to a jury trial of the plaintiffs' claims against Andersen, the establishment of which, in turn, constituted an essential element of Andersen's third-party claim against Empire. Empire thus had a vital interest in the outcome of plaintiffs' claims against Andersen, and arguably a right to participate in the trial of those claims, for which it had demanded a jury. Accordingly, Judge Werker ordered that all of the claims be tried before a jury.

No record was made of the pre-trial conference, and Judge Werker never issued a formal ruling on plaintiffs' request to be relieved of their jury waiver. However, in his August 1, 1977, order, Judge Werker appears to have concluded that a jury trial was required, stating:

> " . . . [I]n the light of Empire's answer to the plaintiffs' complaint and jury demand the court had no alternative unless it fragmented the trials and tried Empire's claims first to a jury and then Andersen's third-party complaint to a bench trial . . .

> Thus, *my decision to proceed with a jury trial was dictated by the Federal Rules* as well as considerations of economy from the standpoint of judicial resources . . . " (emphasis added)

On April 26, 1977, after a seven month trial and twenty-one days of deliberation, the jury returned a verdict (a) awarding plaintiffs $2.7 million damages against defendant Empire, plus interest, (b) finding defendant Meckler not liable to plaintiffs or Empire, and (c) reporting a deadlock as to the liability of Andersen to plaintiffs, which

resulted in Andersen's third-party claims against Empire, Meckler and certain others, as well as the claims of third-party defendants against Andersen, being left unresolved.

One month after the trial ended with this partially-hung jury, the plaintiffs moved for "a prompt determination, without a jury, of the claims asserted" against Andersen "essentially on the present record." Judge Werker granted the motion and gave Andersen sixty days in which to make an offer of proof with respect to supplementing the record as it stood at the conclusion of the jury trial. On Andersen's motion, Judge Werker amended his prior decision to certify, pursuant to 28 U.S.C. § 1292(b), the question of "[w]hether the district court properly determined plaintiffs' motion for a bench trial of their claims against Arthur Andersen & Co.," and stayed the "effect" of the decision pending appellate review.

The grant of plaintiffs' motion for a "bench decision," as the parties characterize it, is appealed from in Nos. 78–7028, 78–7031, and 78–7037. Judge Werker also entered judgment, after the jury's verdict in favor of Meckler with respect to the claims of plaintiffs and Empire against him, dismissing not only plaintiffs' complaint against Meckler but also all claims asserted against Meckler by Andersen. Andersen appeals from the dismissal of its claims against Meckler in No. 77–7385.

## DISCUSSION

■ Andersen contends that the district court's order granting a bench retrial of the plaintiffs' claims against it (1) violated Fed. R.Civ.P. 38(d), which provides, in part, that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties," (2) violated Empire's right to have the issue of Andersen's liability to plaintiffs tried by a jury, (3) is inconsistent with Fed.R.Civ.P. 14, and (4) is an abuse of discretion.

Empire argues that the bench trial order deprives it of its right to a jury trial of plaintiffs' claims against Andersen, upon which its liability to Andersen on the third-party claim depends. Empire further argues that it has a right to protect itself by participating fully in the trial of plaintiffs' claims against Andersen, for which it made a timely jury demand, and that if it were forced to participate in a bench trial of those claims, it might be estopped from asserting its right to a jury trial.

In addition, appellants point to the fact that if the court should, after a bench trial, award judgment in favor of the plaintiffs against Andersen, a second trial of precisely the same claims before a jury would then be required for the purpose of resolving Andersen's third-party complaint against Empire, which would not only be wasteful and possibly result in inconsistent results, but would also place Andersen in the anomalous position of being forced to establish its own liability, which would be contested by Empire, in order to recover from Empire.

The one fact as to which the record is clear is that neither Andersen nor the plaintiffs made a timely demand for a jury, and thus they waived whatever jury right they may have had at the outset of the case. Rule 38(d) provides that "[t]he failure of a party to serve a demand . . . constitutes a waiver by him of trial by jury." We have held that even an amendment to the complaint revives the right to demand a jury "only if the amendment changes the issues," *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973), citing *Western Geophysical Co. of America, Inc. v. Bolt Associates, Inc.*, 440 F.2d 765, 769 (2d Cir. 1971), and we doubt that the mere addition of co-defendants one year after expiration of Andersen's time to demand a jury revived its previously waived jury trial rights. *See Lanza v. Drexel, supra*, 479 F.2d at 1310; *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (*en banc*); *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1049 (9th Cir. 1975); 5 *Moore's Federal Practice*, ¶ 38.39[2]–38.41 (1971); 9 *C. Wright & A. Miller, Federal Practice and Procedure*, § 2320 (1971).

The cases cited by Andersen as support for its contention that the addition to the

case of Empire as a codefendant revived its right to a jury are distinguishable on their facts. Neither *McKnight v. Mutual Broadcasting System*, 14 F.R.D. 174 (S.D.N.Y. 1953), nor *Marshall v. Electric Hose & Rubber Co.*, 413 F.Supp. 663 (D.Del.1976), involved the addition to a lawsuit of a party after the original parties had waived a jury. The purpose of Rule 38(d) is to insure that a party who foregoes making a timely jury demand in reliance upon the demand of another party does not lose its opportunity for a jury trial by the other party's withdrawal. *See 5 Moore's Federal Practice*, ¶ 38.45 (1977). Andersen is not in this position; its waiver of a right to a jury trial was not based on any reliance on another party jury demand. When it waived, no party in the case had made a demand for a jury.

Although the joinder of Empire, standing alone, might not have restored Andersen's jury trial rights, Empire's timely demand for a jury trial of the same issues as those that would otherwise have been tried without a jury between the original parties (plaintiffs and Andersen), and of issues that are mutually dependent upon proof of the same claims asserted by plaintiffs against Andersen, radically altered the situation before the district court. Interests of fairness, judicial economy, and consistency in results dictated that, to the extent permitted by the Federal Rules, identical or mutually dependent issues be resolved by one fact-finder, whether it be jury or judge, rather than by two or more separate bodies. Recognizing this fundamental tenet, and the further fact that Empire and Meckler could not be deprived of their rights to a jury trial, all parties in this case, including plaintiffs and Andersen, agreed to a jury trial of all issues between all parties. Indeed, the plaintiffs sought to formalize this understanding by moving to be relieved of their jury waiver prior to trial. Judge Werker very sensibly ordered that all claims as between all parties be tried to a jury, thus in effect granting *sub silentio* the plaintiffs' motion. There is nothing in the record to suggest that the court or the parties ever considered that the jury verdict on any claim would be advisory only.

Now that the jury has disagreed as to certain of the basic and mutually dependent claims, the same principles that militated in favor of a jury trial of all issues in the first place call for a jury retrial, in the absence of an agreement by all parties for a non-jury retrial of those issues. Fed.R.Civ.P. 38(d). To change the rules now, by reverting to distinctions which neither the trial judge nor the parties drew prior to trial, would be fundamentally unfair at this stage of the litigation. In the absence of an express decision by the judge that the jury would be advisory only, or that plaintiffs' claims against Andersen were being tried to him rather than to the jury, Andersen was entitled to conclude that it had been relieved of its waiver of a jury trial and that its right to a jury trial had been restored by the court in the exercise of its discretion under Rule 39(b), F.R.Civ.P. Moreover, to permit the court now to shift the trial format from jury to non-jury without Andersen's consent would be unwise. Aside from Andersen's reliance on the restoration of its right, resolution of the issues remaining to be tried in this case could hereafter result in an even greater waste of judicial resources and risk of possible inconsistency in outcomes than was threatened before the first trial.

Under Rule 14, Empire and other third-party defendants are entitled to participate fully in the trial of plaintiffs' claims against Andersen, upon which Andersen's third-party claims against them depends. *Council Brothers v. Ray Burner Company*, 473 F.2d 400 (5th Cir. 1973); *Glick v. White Motor Co.*, 458 F.2d 1287, 1291, n.7 (3d Cir. 1972); *F & D Property Co. v. Alkire*, 385 F.2d 97, 100 (10th Cir. 1967); *Wiggins v. City of Philadelphia*, 331 F.2d 521 (3d Cir. 1964); *cf. Caputo v. U. S. Liner Co.*, 311 F.2d 413 (2d Cir. 1963). And under Rule 38, Empire, by reason of its timely demand for a jury, has a right to a jury trial of the mutually dependent issues. Thus, should a bench trial end in a judgment in plaintiffs' favor against Andersen, Empire would be entitled in any event to still another retrial of the

same issues, this time again before a jury, with the risk of inconsistent results. Under these circumstances, to order a non-jury retrial of plaintiffs' claims against Andersen would amount to an abuse of discretion.

Having once embarked upon a course granting all parties the right to a jury trial, Judge Werker could not thereafter order a non-jury retrial without the consent of all parties. His January 15, 1976, ruling in effect granted the plaintiffs' motion for withdrawal of their waiver of a jury and entitled Andersen to rely upon the right to a jury trial. Once a jury trial right was thus recognized, it could not be rescinded. Rule 38(d), F.R.Civ.P.

For these reasons, we reverse the order appealed from in Nos. 78–7028, 7031 and 7037, and remand for further proceedings consistent with this opinion.

■ The second appeal requires less extensive discussion. After the jury returned a verdict in favor of Meckler against both plaintiffs and Empire, the following colloquy occurred between Meckler's counsel and the court:

Mr. Marshall: Your Honor, it occurs to me that the jurors had nothing to say with respect to third party claims. I think it is obvious from your Honor's charge that if they found in favor of a particular defendant, then they must also find in favor of that defendant on any cross claims or third party claims.

I would, therefore, ask that your Honor direct a verdict in Mr. Meckler's favor with respect to all cross claims and third party claims although, frankly, I don't know that a direction from your Honor is necessary since I believe that a verdict in his favor obviously embodies within it a finding that he is not liable with respect to or to any other defendant for contribution.

The Court: I think that was said in my charge to the jury. From the standpoint of the plaintiff, if Meckler was not found liable, then Meckler could not be found liable to anyone else because the third party responsibility was predicated upon some act having been done which was detrimental to the plaintiff.

Mr. Marshall: Exactly . . . I will ask that a judgment be entered with respect to both the cross claims and the third party claims.

The Court: I see no reason why that can't be done.

No objection to this anticipated judgment was made by any party. Within two weeks Meckler moved, pursuant to Fed.R.Civ.P. 54(b), for entry of final judgment in his favor "on all claims, cross-claims and third-party claims asserted against him." Again no objection was made to this motion, although Andersen's counsel wrote a letter to the court stating that "its failure to respond to Meckler's motion should not. be deemed to be acquiescence," and that "Andersen does not consent" to entry of a judgment dismissing plaintiffs' complaint or Andersen's third-party complaint against Meckler. On June 17, 1977, Judge Werker granted the motion and ordered final judgment to be entered dismissing all claims against Meckler.

Andersen now argues that plaintiffs' summation improperly deflected the jury's attention from the plaintiffs' claims against Meckler, and that the effect of this was that the jury never actually decided the issue of Meckler's liability, and therefore Andersen's claims against Meckler should not have been dismissed. The portion of summation argument that Andersen challenges involved plaintiffs' attempt to focus the jury's attention on their claims against Andersen and Empire. Their counsel argued:

Well there is one way I am going to shorten this presentation today and I hope that will make you happy. On behalf of the plaintiffs, we are or I am not going to sum up against one of those defendants. That is Mr. Meckler.

In the view of the plaintiffs, based on all of the evidence that you have heard and all the arguments that you have heard from other counsel so far, it seems to me that what this case comes down to is the big boys here. State Mutual on the

one side, the Bank and Andersen on the other.

It seems to me on the evidence presented that it is the Bank and Andersen which are the real culprits here.

As to Mr. Meckler, on the other hand, viewing all of the evidence, we think you may conclude that he was perhaps more sinned against than sinning here.

We find no merit in Andersen's contention that this argument constituted a release of Meckler from plaintiffs' claims against him, thus preventing dismissal of the Andersen cross-claims on the basis of the jury's verdict. Even if we assumed plaintiffs' summation to be improper, the failure of Andersen to object to the summation robs the appeal of much of its force. Moreover, Andersen also failed to object when the court indicated, once the jury's verdict was in, that it interpreted the verdict as exonerating Meckler entirely. Nor did Andersen, in its equivocal letter responding to Meckler's Rule 54(b) motion, contend as it does now that dismissal of its claims against Meckler was precluded by plaintiffs' purported "release" of Meckler.

This case went to the jury with Judge Werker's instruction that a verdict in favor of any defendant as against plaintiffs would free that defendant from liability on any other defendants' cross-claims.[4] That instruction was fully consistent with a request to charge submitted to the court by Andersen,[5] and no objection was made by any party to it. Furthermore, the jury's verdict was fully consistent with the dismissal of all claims against Meckler. Andersen, not having objected before, cannot now impeach that verdict on the dubious ground that summation argument, made without objection, somehow renders that verdict suspect.

Accordingly we affirm the judgment dismissing Andersen's claim against Meckler in No. 77–7385.

---

4. Judge Werker instructed the jury that:

> . . . if you find that any or all of Andersen, Empire or Meckler are not liable to plaintiffs, then I instruct you that as to that defendant or those defendants who you have found not liable, you must also return a verdict in their favor on all cross-claims asserted by another defendant. (App. 410–11).

5. Andersen requested that Judge Werker instruct the jury, with respect to the issue of contribution, " . . . if you find that none of the plaintiffs or only one of the defendants are liable to the plaintiffs then you need not consider the question of contribution as between these three defendants." Andersen's Supplementary Requested Instruction No. 79, submitted to the court on March 18, 1977; reprinted at App. 488–89.