**James Charles McMAHON**

v.

**SEITZINGER BROS. LEASING, INC.,
Robert Seitzinger and William
Seitzinger.**

Civ. A. No. 80–28.

United States District Court,
E. D. Pennsylvania.

Feb. 3, 1981.

Stanley M. Shingles, Philadelphia, Pa.,
for plaintiff.

James J. Riley, Pottsville, Pa., for defendants.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Honesty and integrity rank high in the calculus of values to which lawyers subscribe. Avoiding actual *or apparent* impropriety occasionally requires a lawyer to decline representation of a client, particularly in a conflict of interest situation. In the case at bar the development of an enclosed shopping center near Pottsville, Pennsylvania, resulted in two lawsuits involving defendant Seitzinger Bros. Leasing, Inc. (the Company), a real estate development corporation. The first action filed in the Court of Common Pleas of Schuylkill County involves the company, the architect and a paving subcontractor (the Alstate matter). In this related action plaintiff seeks to recover from the company for consulting services allegedly rendered to defendants, who now move to disqualify plaintiff's counsel.

The Code of Professional Responsibility, expressly adopted in this district by E.D.Pa.R. 14(IV), recognizes that

> [a] lawyer should not use information acquired in the course of representation of a client to the disadvantage of the client . . . The obligation of a lawyer to preserve the confidence and secrets of his client continues after the termination of his employment.

Canon 4. Where the *appearance* of impropriety exists, even if not in fact, disqualification of counsel may be necessary to protect "the free flow of information from client to attorney so vital to our system of justice". *Richardson v. Hamilton International Corp.*, 469 F.2d 1382, 1384 (3d Cir. 1972), *cert. denied*, 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973). *See also United States v. Miller*, 624 F.2d 1198 (3d Cir. 1980). Defendants need only show that plaintiff's counsel *might* have acquired sub-

stantially related material from his prior representation. *Akerly v. Red Barn System, Inc.,* 551 F.2d 539 (3d Cir. 1977); *American Roller Co. v. Budinger,* 513 F.2d 982 (3d Cir. 1975); *Richardson v. Hamilton International Corp., supra.* Ultimately, each case must be decided on the facts and circumstances present. *Akerly v. Red Barn System, Inc., supra,* and the question, committed to the sound discretion of the Court, *Greene v. Singer Co.,* 461 F.2d 242 (3d Cir.), *cert. denied,* 409 U.S. 848, 93 S.Ct. 54, 34 L.Ed.2d 89 (1972), must be resolved by resort to federal law. *International Business Machines v. Levin,* 579 F.2d 271 (3d Cir. 1978).

 In the case at bar Stanley Shingles, Esquire, represents plaintiff. Defendant contends that Shingles' prior employment and allegedly continuing association with the law firm of Thomas Rutter, Ltd., which represented the company in the Alstate matter, creates a conflict of interest. Both cases appear to involve breaches of oral contracts for services. Whether the parties made an enforceable agreement and whether the individual defendants had actual or apparent authority to bind the company seem to be questions common to both lawsuits.

In October 1979 plaintiff asked the Rutter firm to represent him in his claim against the company, which requested that the firm refuse because of the relationship between the individual and corporate defendants, a "significant part" of the defense against plaintiff's claim. Consequently, the Rutter firm declined to represent plaintiff. Mr. Shingles worked for that firm from April 1978 through September 1, 1979, during which time the Alstate case was filed and prepared for trial. Mr. Shingles argues that he severed the employment relationship, now leases space and services from the firm but exchanges no information. However, he did file the complaint on bluebacked paper of the Rutter firm; he maintains an office in the firm's suite in Philadelphia and may have unimpeded access to its files; his phone number is identical to the firm's and the secretary answers with "Mr. Rutter's office". In view of the recent termination of the employment relationship between Shingles and the Rutter firm and the facts that the firm already acknowledged a conflict of interest in the matter, and that plaintiff's tenure with the firm coincides with the time of filing of the Alstate matter, for which the company admittedly divulged to the firm confidential matters directly bearing on the issues at hand, disqualification of plaintiff's counsel becomes necessary to avoid the appearance of impropriety. *Cf.* Canon 9 ("[a] lawyer should avoid even the appearance of professional impropriety"). *See also United States v. Miller, supra.* Accordingly, defendants' motion to disqualify plaintiff's counsel will be granted.