**HOLLAND LIVESTOCK RANCH, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. CIV–R–81–68–ECR.**

United States District Court,
D. Nevada.

May 12, 1982.

---

Thomas L. Belaustegui, Reno, Nev., for plaintiffs.

Burton J. Stanley, U.S. Dept. of Interior, Sacramento, Cal., Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendants.

ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff and defendants have filed cross motions for summary judgment. A hearing on the motions was held before the Court on January 18, 1982. Inasmuch as the parties have stipulated to all the relevant facts, there do not appear to be any genuine issues of material fact which remain for resolution in this matter and summary judgment is appropriate under Rule 56 Fed. R.Civ.P.

Holland Livestock Ranch, a co-partnership, and John J. Casey, president and sole stockholder of each of the three corporations comprising said partnership (hereinafter collectively referred to as plaintiff) seek judicial review of a decision of the Interior Board of Land Appeals (IBLA) of the Department of Interior, *Holland Livestock Ranch,* 80 IBLA 516, affirming the decision of Administrative Law Judge Ratzman which ordered that plaintiffs' grazing privileges be revoked for a period of eight (8) years and payment of damages pursuant to 43 C.F.R. 9239.3–2(e) for violations of Grazing Regulations found in 43 C.F.R. 4112.3–1(a) prohibiting trespass by livestock upon federal lands.

The Court's role here is limited to determining whether the agency decision is supported by "substantial evidence." 5 U.S.C. § 706. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, *Parsons Corp. of Calif. v. Director, Office of Workers,* 619 F.2d 38, 41 (9th Cir. 1980), *Consolidated Edison Co. v. Labor Board,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938), and must be enough to justify, if the trial were before a jury, the denial of a motion for directed verdict. *Samedan Oil Corporation v. Cotton Petroleum Corporation,* 466 F.Supp. 521 (W.D.Okl.1978).

The parties agree that all of the evidence relating to the claimed instances of trespass at issue here is contained in a document entitled "Stipulation" submitted at the first of two hearings held before the Administrative Law Judge. The stipulation sets forth

the observations and actions of several Bureau of Land Management employees which formed the basis in these proceedings for the findings of trespass on federal lands. In each instance of claimed trespass the stipulation states that the cattle were found either "on public lands or on private lands with unrestricted access to public lands at a time when no one was authorized to graze in that area" or "on public lands or on private lands with unrestricted access to public lands in an area closed to grazing."

Because it cannot be ascertained from the broad wording of the stipulation whether any of plaintiffs' cattle were actually found located on public lands, it is clear that the Government relies solely on the so-called "access trespass" theory for the finding of trespass on federal lands. Access trespass is a presumption, which it is claimed, arises when cattle are found upon unfenced private land contiguous to restricted public land. *Holland Livestock Ranch v. United States*, 655 F.2d 1002, 1005 (9th Cir. 1981). The rationale underlying the access trespass theory is that "as the boundaries between the federal range and private lands [are] of a legal rather than a physical nature it strains credulity to believe that the animals grazing would respect the same." *Midland Livestock Co.*, 10 IBLA 389, 402 (1973).

In *Holland Livestock Ranch v. United States, supra,* 655 F.2d at 1006, the Ninth Circuit recently held that where "there is evidence of actual trespasses in addition to unrestricted access, the Interior Board of Land Appeals may raise a rebuttable presumption of trespass based upon the existence of unrestricted access." The problem faced by this Court is the question left open in the *Holland Livestock Ranch, supra,* opinion. That is the validity of the presumption at issue where there is no evidence of actual trespasses.

■ As acknowledged in *Holland Livestock Ranch, supra,* 655 F.2d at 1006, evidentiary presumptions may be based on policy as well as probability. *N.L.R.B. v. Silver Spur Casino,* 623 F.2d 571, 578 (9th Cir. 1980). A consideration recognized by the court in *Holland Livestock Ranch, supra,*

655 F.2d at 1006, be it policy or otherwise, was that "without the presumption, proving the existence of every trespass by livestock onto public land would be extremely difficult, if not impossible." Still, "Generally, however, the most important consideration in the creation of presumptions is probability." McCormick, *Evidence* 2d Ed. (1972) § 343, p. 807.

In *United States v. Murff,* 265 F.2d 504, 506 (2nd Cir. 1959), an administrative order rendered in deportation proceedings arrived at largely "... through application of a rigid rule of presumptions" was reversed. The Second Circuit supported its holding by stating that, "presumptions as to facts should be only a reasonable substitute for definite proof; in other words, they should point to probabilities."

The probability that livestock grazing on unfenced private land will trespass on an adjoining public land taken in the abstract is speculative and questionable. That is, absent evidence of some actual trespass, the presumption fails to accommodate a myriad of equally likely possibilities which make it unreasonable to presume that livestock located on private land with unrestricted access to public land have in fact trespassed. Natural boundaries, herd regulation and supervision, as well as the difficulty of traveling a potentially vast distance in order to enter upon public land, are but a few possibilities. The presumption used here in order to find plaintiff liable was not an adequate substitute for definite proof.

■ The standard of review in determining whether a rebuttable presumption applied in an administrative proceeding is valid is, "whether a rational connection exists between the facts giving rise to a presumption and the fact presumed." *Atchison, T. & S.F. Ry. Co. v. I.C.C.,* 580 F.2d 623, 629 (D.C.Cir.1978). The standard may vary in the case of a criminal presumption, *United States v. Black,* 512 F.2d 864 (9th Cir. 1975), or an irrebuttable presumption applied in the civil context. *Vlandis v. Kline,* 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1972).

The difficulty which would be encountered by the Government in proving the existence of each trespass by livestock onto public land without use of the presumption is a valid and significant consideration. The Government should not, however, be allowed to prevail in proceedings brought for trespass onto public lands by livestock where the sole basis for liability presented is the presumption. When not coupled with some evidence of trespass the presumption becomes much less reasonable and rational. While it may be important for the Government to be able to prove trespasses on the federal lands in appropriate circumstances, the rights of private land owners are also worthy of attention and concern.

In the leading case of *Del Vecchio v. Bowers*, 296 U.S. 280, 285–6, 56 S.Ct. 190, 193, 80 L.Ed. 229 (1935), the Supreme Court in discussing the rationale underlying the creation of rebuttable presumptions in general stated that:

> Considerations of fairness and experience in human affairs induce fact-finding bodies, where there is a balance of probability, to adopt a working assumption as the basis of a conclusion, unless and until the facts are developed by evidence.

Neither fairness nor a balance of probability here supports the creation of a presumption of trespass where livestock are found grazing on private land with unrestricted access to public land in absence of any evidence that such a trespass has in fact occurred. This does not mean that the Government must actually prove each individual trespass. Such a requirement would render the presumption useless. Rather, the presumption must properly be limited to situations where a particular landowner has livestock on his private land which have unrestricted access to public land *and* there is at least some evidence of actual trespass on the federal lands. In the view of the Court, this conclusion constitutes a reasonable interpretation and application of the Ninth Circuit holding in *Holland Livestock Ranch v. United States*, 655 F.2d 1002 (9th Cir. 1981). The moment the presumption is used in administrative proceedings against private landowners where there is no showing that any actual trespass by livestock has occurred, it becomes irrational and arbitrary. Cf. *Mobile, Jackson & Kansas R.R. Co. v. Turnipseed,* 219 U.S. 35, 31 S.Ct. 136, 55 L.Ed. 78 (1910).

Finally, the plaintiff has raised several issues relating to the alleged use by the IBLA of certain prior trespasses set forth in a settlement agreement reached in an earlier proceeding over ten years ago which resulted in the entering of a consent decree. Such issues are relevant only to the questions of "willfulness" and the "repeated" nature of the violations involved here and relate to sanctions which may be imposed for trespass on the federal lands. Because the Court has now found that the finding of trespass on federal lands was not based on "substantial evidence", matters relating only to the sanctions imposed need not be addressed.

IT IS HEREBY ORDERED that the decision of the Interior Board of Land Appeals be vacated and the case remanded to the Bureau of Land Management for further determination.