Warren H. OYSTER and Anna
Mae Oyster

v.

BELL ASBESTOS MINES, et al. and
Asbestos Corporation Limited, et al.

Civ. A. No. 82–2734.

United States District Court,
E.D. Pennsylvania.

May 19, 1983.

David M. Weinfeld, Philadelphia, Pa., for plaintiffs.

Andrea W. Rock, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

 The Code of Professional Responsibility, adopted in this district by local rule, E.D.Pa.R. 14(IV), recognizes that

[a] lawyer should not use information acquired in the course of representation of a client to the disadvantage of the client. . . . The obligation of a lawyer to preserve the confidence and secrets of his client continues after the termination of his employment.

Canon 4. *See, McMahon v. Seitzinger Bros. Leasing, Inc.,* 506 F.Supp. 618 (E.D.Pa. 1981). Interpreting this rule, courts have not hesitated to disqualify counsel where the representation of their current client is "substantially related" to their prior representation of a now adverse party. *Westinghouse Electric Corp. v. Gulf Oil Corp.,* 588 F.2d 221, 223 (7th Cir.1978). In fact, where the subject matter of the present and prior representation are "substantially related", an irrebuttable presumption arises that confidential information was disclosed during the course of the former representation. *Duncan v. Merrill Lynch, Pierce, Fenner & Smith,* 646 F.2d 1020, 1028 (5th Cir.1981). This presumption warrants disqualification and guards against even the *appearance* of impropriety. *Westinghouse Electric Corp. v. Gulf Oil Corp.,* 588 F.2d at 224. A party who can show that the attorney sought to be disqualified *might* have acquired information "substantially related" to the current litigation is entitled to have that attorney disqualified. *McMahon v. Seitzinger Bros. Leasing, Inc.,* 506 F.Supp. at 618–619. (emphasis in original).

In the case at bar, third-party defendant Asbestos Corporation Limited (ACL) moves

to disqualify David M. Weinfeld, Esquire, and the firm with which he is associated, from the continued representation of the plaintiffs. ACL alleges that Mr. Weinfeld previously defended it in numerous cases in which similarly situated plaintiffs sought recompense for injuries allegedly caused by asbestos exposure. Continuing, ACL states that Mr. Weinfeld participated in planning overall defense strategies with co-defendants and that he attended depositions on behalf of ACL. Specifically, Mr. Weinfeld assisted in defending ACL against claims of other plaintiffs who, as in the case at bar, complain that they were exposed to ACL's asbestos products while employed at defendant Raybestos-Manhattan's Manheim, Pennsylvania, plant.

Countering, Mr. Weinfeld, on behalf of his current firm, asserts that he never acquired confidential information during the course of his limited representation of ACL. Although he admits to attending depositions on behalf of ACL, Mr. Weinfeld asserts that he did so only because there were temporary shortages of manpower at his former law firm and that no one else had the time or the desire to sit through the depositions. In any case, Mr. Weinfeld urges that plaintiffs are not "adverse" to his former client because they assert no direct claim against the third-party defendant, ACL. Hence, he claims that disqualification is unnecessary.

We conclude that Mr. Weinfeld's current representation of plaintiffs is "substantially related" to his prior representation of ACL and reluctantly grant the motion to disqualify.

■ Mr. Weinfeld does not contest the assertion that he was formerly associated with the firm which defends ACL against claims akin to the ones at bar. Neither does Mr. Weinfeld deny that he represented ACL at the deposition of at least one plaintiff whose exposure to ACL's products occurred in a similar manner to the exposure of plaintiffs at bar. Finally, Mr. Weinfeld admits that he attended defense strategy meetings in the asbestos litigation, but asserts that he did so while representing Garlock, Inc. and not ACL. These admissions are sufficient to trigger the "irrebutabl[e] presum[ption]" that confidential, privileged information was disclosed during the course of Mr. Weinfeld's representation of ACL. *Duncan v. Merrill Lynch, Pierce, Fenner & Smith,* 646 F.2d at 1028.

■ Any theory that plaintiffs are not legally "adverse" to ACL and that the strictures of Canon 4 are, therefore, inapplicable is erroneous ACL was brought into this litigation as a third-party defendant pursuant to Fed.R.Civ.P. 14. Third-party defendants are derivatively adverse to plaintiffs, *Glick v. White Motor Co.,* 458 F.2d 1287, 1291 n. 7 (3d Cir.1972), and may assert "any defense which the third-party plaintiff has to the plaintiff's claim". Fed.R.Civ.P. 14(a). As a result, third-party defendants are entitled to fully participate in, and defend themselves during, the trial of plaintiff's claims. *State Mutual Life Assurance Co. of America v. Arthur Andersen & Co.,* 581 F.2d 1045, 1050 (2nd Cir.1978), and are permitted as broad a scope of cross-examination as is sanctioned by the rules of evidence. *Wiggins v. City of Philadelphia,* 331 F.2d 521, 529 (3d Cir.1964). Other courts are in accord, *Hagans v. Ellerman & Bucknall Steamship Co.,* 318 F.2d 563, 586–88 (3d Cir.1963); *Powell v. Willow Grove Amusement Park,* 45 F.R.D. 274 (E.D.Pa.1968), and hold that for the purpose of the defense against plaintiff's complaint, a third-party defendant is "adverse" to plaintiff. *F & D Property Co. v. Alkire,* 385 F.2d 97, 100 (10th Cir.1967). This conclusion warrants disqualification of plaintiff's counsel when demanded by counsel's former client, now the third-party defendant. *Cf., Baglini v. Pullman, Inc.,* 412 F.Supp. 1060, 1063–64 (E.D.Pa.), *aff'd,* 547 F.2d 1158 (3d Cir.1976) (where third-party defendant has no objection to their counsel's representation of plaintiff, disqualification is inappropriate). *Cf., Rice v. Baron,* 456 F.Supp. 1361, 1374 (S.D.N.Y.1978) (possibility of a future claim

for indemnification triggers disqualification)[1].

Our conclusion that plaintiffs' claim against ACL arises out of exposure to asbestos products at the Raybestos-Manhattan's Manheim plant, and that plaintiffs' counsel defended ACL in "substantially related" litigation compels the conclusion that David M. Weinfeld, Esquire, and Sacks, Basch & Lavner should be disqualified from the continued representation of plaintiff.

An appropriate order shall issue.

---

1. Mr. Weinfeld's attendance of defense strategy sessions on behalf of Garlock, Inc. may also independently warrant disqualification. *Wilson P. Abraham Construction Corp. v. Armco Steel Corp.,* 559 F.2d 250, 253 (5th Cir.1977); *In Re Shopping Carts, Antitrust Litigation,* 95 F.R.D. 299, 306 n. 6 (S.D.N.Y.1982). *See also, Westinghouse Electric Corp. v. Kerr-McGee Corp.,* 580 F.2d 1311, 1319 (7th Cir.1978).