**HOLLAND LIVESTOCK RANCH, a Co-Partnership composed of Bright-Holland Company, Maremont-Holland Company and Memeroff-Holland Company; and John J. Casey, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. CA 82–4309.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 1983.

Decided Aug. 26, 1983.

Claire L. McGuire, Washington, D.C., for defendant-appellant.

· Thomas L. Belaustegui, Reno, Nev., for plaintiffs-appellees.

Before WRIGHT, CANBY, and BOO-CHEVER, Circuit Judges.

CANBY, Circuit Judge:

The issue in this case is whether the government's "access trespass" presumption suffices to prove trespass. The district court held that the presumption was invalid and granted summary judgment for Holland. We affirm.

This is the latest in a series of cattle grazing disputes between appellees Holland Livestock Ranch and John Casey (together "Holland") and the Bureau of Land Management (BLM). · The Holland ranch holds grazing permits for some public lands. The ranch also adjoins other public lands closed to grazing. The BLM believed that Holland's cattle were trespassing onto these forbidden public lands, and initiated administrative proceedings against Holland. The administrative law judge found that wilful trespass had been proved, assessed damages, and terminated Holland's grazing rights. The Interior Board of Land Appeals affirmed. 80 I.B.L.A. 516 (1981). Holland sought review in the district court, which vacated and remanded. 543 F.Supp. 158 (D.Nev.1982). The government's appeal brings the case to us.

Throughout these proceedings, the BLM offered no direct proof of trespass. Instead, it created and relied upon a new evidentiary presumption: that cattle with unrestricted access to public lands have in fact trespassed. To force reliance upon the presumption, the government stipulated that agents had sighted Holland's cattle "on public lands *or* on private lands with unrestricted access to public lands in an area closed to grazing." (Emphasis added.) The stipulated facts obviously furnish no proof that cattle were actually sighted on public lands. The government thus chose to rely solely on its "access trespass" presumption.

■ Administrative agencies are entitled to create evidentiary presumptions. *Holland Livestock Ranch v. United States,* 655 F.2d 1002, 1005 (9th Cir.1981). In reviewing the validity of a presumption, we must determine whether a "sound factual connection" exists between the facts giving rise to the presumption and the facts then presumed. *NLRB v. Baptist Hospital, Inc.,* 442 U.S. 773, 787, 99 S.Ct. 2598, 2606, 61 L.Ed.2d 251 (1979). The presumption, however, is entitled to "considerable deference." *Id.* at 796, 99 S.Ct. at 2611 (Justice Brennan concurring); *NLRB v. Los Angeles New Hospital,* 640 F.2d 1017, 1020 (9th Cir.1981).

The district judge found that the required factual connection was lacking:

> The probability that livestock grazing on unfenced private land will trespass on an adjoining public land taken in the abstract is speculative and questionable. That is, absent evidence of some actual trespass, the presumption fails to accommodate a myriad of equally likely possibilities which make it unreasonable to presume that livestock located on private land with unrestricted access to public land have in fact trespassed. Natural boundaries, herd regulation and supervision, as well as the difficulty of traveling a potentially vast distance in order to enter upon public land, are but a few possibilities. The presumption used here in order to find plaintiff liable was not an adequate substitute for definite proof.

543 F.Supp. at 160.

The government contends that the district court erred, that a sound factual connection does support the presumption. Counsel points out that unimpeded cattle are likely to trespass because "cows do not read plat books and are, accordingly, wholly indifferent to the law of trespass." This argument certainly carries some force. In addition, the government argues that we have already held the presumption reasonable in *Holland Livestock Ranch v. United States,* 655 F.2d 1002 (9th Cir.1981) ("*Holland I* "). We consider first the effect of this case.

In *Holland I,* we considered the validity of the "access trespass" presumption in a slightly different context. We held that the access trespass presumption could be used to show damages once some actual trespass had been proved. *Id.* at 1006. The question whether unrestricted access will give rise to a presumption of trespass in the absence of such corroborative proof was expressly reserved. *Id.* We face this question now.

■ *Holland I* establishes the existence of a sound factual connection underlying the presumption. Yet our inquiry there was not limited solely to the plausibility of the presumed fact. The usefulness of a presumption is also a factor to be considered in assessing its validity. *NLRB v. Baptist Hospital, Inc.,* 442 U.S. at 789–90, 99 S.Ct. at 2607; *Holland I,* 655 F.2d at 1006. In *Holland I* we observed that the presumption is necessary in measuring damages because demonstrating each individual trespass would be "extremely difficult, if not impossible." 655 F.2d at 1006. The law has long recognized that evidence showing amount of damage may be somewhat speculative once the existence of *some* damage is proved with certainty. *Kissell Co. v. Gressley,* 591 F.2d 47, 50 (9th Cir.1979); C. McCormick, *Damages* § 27, at 101 (1935).

In contrast, the presumption is not necessary here. Proving that at least one animal has actually trespassed is not difficult, and imposes no undue burden on BLM resources. To make use of the presumption, agents would have to find some cattle on private lands with unrestricted access to public land. It will not add greatly to their labors to locate animals actually trespassing, if such trespasses are at all substantial.

■ Presumptions should not replace proof needlessly. The access trespass presumption is reasonable enough to apply where needed to measure damages. We hold, however, that the presumption cannot stand where it is not needed: as the sole evidence to establish a claim of trespass. The government must prove some actual trespass before relying upon the presumption.

■ The government argues that other evidence in the record showed trespass. Yet in the administrative hearings, the government clearly relied on the presumption and declared that it was making no attempt to distinguish between cattle on public lands and those on open private lands nearby. In its stipulation of the facts submitted to the district court, moreover, the government stated: "Except for the information set forth in the STIPULATION, there was no evidence offered by the BLM as to whether or not the cattle alleged to be in trespass were located on public lands or private lands." Normally, a party is bound by the stipulation of facts it presents with a motion for summary judgment. *F and D Property Co. v. Alkire,* 385 F.2d 97, 100 (10th Cir.1967). Here, it appears that the government intentionally worded its stipulation in order to obtain judicial approval of its access theory under a somewhat hypothetical set of facts. Having made that election, the government may not now contradict its stipulation.

We conclude that the district court was correct in rejecting the presumption, and therefore do not address the other issues presented. The decision of the district court is AFFIRMED.