ON MOTION FOR REHEARING

PER CURIAM.
We deny Appellees’ motion for rehearing, but withdraw our opinion issued February 26,1997, and substitute the following opinion:
This lawsuit arose when Kingswood South, Inc., a subcontractor, brought suit against C.O.B.A.D. Construction Corp., the general contractor, for sums allegedly owed it. C.O.B.A.D. brought in the School Board of Dade County as a third-party defendant because the School Board was contractually *101 liable for any money judgment Kingswood might obtain against C.O.B.A.D.
We reverse the summary judgment entered against C.O.B.A.D. Construction Corp. and in favor of the plaintiff subcontractor, Kingswood South, Inc., for sums allegedly owed the subcontractor. Although the general contractor did not contest the subcontractor’s claim, the School Board of Dade County, Appellant, asserted defenses on the general contractor’s behalf, as its defenses as a third-party defendant would be directly impacted by a determination on the merits. See McLaughlin v. Pernsley, 876 F.2d 308, 313 (3d Cir.1989); F & D Property Co. v. Alkire, 385 F.2d 97, 100 (10th Cir.1967); Zuberbuhler v. Div. of Admin., Florida Dep’t of Transp., 344 So.2d 1304, 1306 (Fla. 2d DCA 1977). Summary judgment should not have been entered, as the record reflects that the trial court misinterpreted an earlier settlement agreement between the School Board and the general contractor as waiving the School Board’s right to assert defenses against the subcontractor’s claims.
Our reading of the settlement agreement reflects that the School Board unambiguously reserved the right to contest the claims of this subcontractor. The trial court also misinterpreted the terms of the subcontract in concluding that the general conditions of the prime contract between the School Board and the general contractor were not incorporated into the subcontract.
We remand for further proceedings on the merits of the claim and defenses.
GLICKSTEIN, STONE and STEVENSON, JJ., concur.